■ In the Matter of LAWRENCE WEINBERG, Respondent, v KATHERINE WEINBERG, Appellant. [861 NYS2d 70]—

In related proceedings pursuant to Family Court Act article 6, the mother appeals, as limited by her brief, from so much of an order of the Family Court, Orange County (Kiedaisch, J.), dated March 16, 2007, as, after a hearing, granted the father's petition to modify the parties' judgment of divorce to award him sole custody of the parties' minor children.

Ordered that the order is affirmed insofar as appealed from, with costs.

"In order to modify an existing custody arrangement, there must be a showing of a subsequent change of circumstances so that modification is required to protect the best interests of the child" (*Matter of Fallarino v Ayala,* 41 AD3d 714, 714 [2007]; *see Eschbach v Eschbach,* 56 NY2d 167, 171 [1982]; *Neuman v*

*Neuman,* 19 AD3d 383, 384 [2005]). Deference should be afforded the hearing court which observed witnesses and evaluated evidence firsthand (*see Eschbach v Eschbach,* 56 NY2d at 173), and "[t]he hearing court's custody determination should not be set aside unless it lacks a sound and substantial basis in the record" (*Matter of Fallarino v Ayala,* 41 AD3d at 715; *see Neuman v Neuman,* 19 AD3d at 384).

Here, the Family Court's determination that it was in the children's best interests to award custody to the father was supported by a sound and substantial basis in the record, and we decline to disturb it. Among other things, the hearing testimony established that the mother willfully interfered with the father's right to visitation, an act " 'so inconsistent with the best interests of the children as to, per se, raise a strong probability that the [offending party] is unfit to act as a custodial parent' " (*Matter of Joosten v Joosten,* 282 AD2d 748, 748 [2001], quoting *Matter of Glenn v Glenn,* 262 AD2d 885, 887 [1999]). Rivera, J.P., Ritter, Miller and Dillon, JJ., concur.