■ In the Matter of Richard Zeis, Respondent, v April Slater, Appellant. [870 NYS2d 387]—

To modify an existing custody arrangement, there must be a showing of a change of circumstances such that modification is required to protect the best interests of the child (*see Matter of Weinberg v Weinberg*, 52 AD3d 616 [2008]; *Matter of Strand-O'Shea v O'Shea*, 32 AD3d 398 [2006]). The best interests of the child are determined by a review of the totality of the circumstances (*see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]). Since the Family Court's custody determination is largely dependent upon an assessment of the credibility of wit-

nesses and upon the character, temperament, and sincerity of the parents, the Family Court's determination should not be disturbed unless it lacks a sound and substantial basis in the record (*see Matter of Weinberg v Weinberg*, 52 AD3d at 617; *Matter of Lichtenfeld v Lichtenfeld*, 41 AD3d 849, 850 [2007]).

Here, the Family Court's determination that there had been a change in circumstances since the issuance of the prior custody order, and that it was in the child's best interests to modify that order so as to, inter alia, award the father sole physical custody, has a sound and substantial basis in the record. The hearing testimony established, among other things, that the mother deliberately interfered with the father's visitation rights, and moreover, denigrated the father in the child's presence. This conduct is so inconsistent with the child's best interests that it per se raises a strong probability that the mother is unfit to act as a custodial parent (*see Matter of Weinberg v Weinberg*, 52 AD3d at 617; *Matter of Lichtenfeld v Lichtenfeld*, 41 AD3d at 850). Accordingly, the Family Court's determination should not be disturbed.

The mother's remaining contentions are without merit. Skelos, J.P., Santucci, Dillon and Covello, JJ., concur.