In the Matter of MARK G. MEYERS, Respondent, v DONNA SHEEHAN, Appellant. [880 NYS2d 96]—

In a child custody proceeding pursuant to Family Court Act article 6, the mother appeals, as limited by her brief, from so much of an order of the Family Court, Orange County (Kiedaisch, J.), entered November 26, 2007, as, after a hearing, granted the father's amended petition to modify a prior custody order of the same court entered August 7, 2006, awarding her sole custody of the parties' child, so as to award him sole custody of the subject child.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

To modify an existing custody arrangement, there must be a showing of a change of circumstances such that modification is required to protect the best interests of the child (*see Matter of Zeis v Slater,* 57 AD3d 793 [2008], *lv denied* 12 NY3d 705; *Matter of Wirth v Wirth,* 56 AD3d 787 [2008]). The best interests of the child are determined by a review of the totality of the circumstances (*see Eschbach v Eschbach,* 56 NY2d 167, 171 [1982]). Deference should be afforded the hearing court which observed witnesses and evaluated evidence firsthand, and the hearing court's custody determination should not be set aside unless it lacks a sound and substantial basis in the record (*see Matter of Weinberg v Weinberg,* 52 AD3d 616 [2008]; *Matter of Fallarino v Ayala,* 41 AD3d 714 [2007]).

Here, the Family Court's determination that there had been a change in circumstances since the issuance of the prior custody order, and that it was in the child's best interests to award sole custody to the father, is supported by a sound and substantial basis in the record, and we decline to disturb it (*see Matter of Zeis v Slater,* 57 AD3d at 794). Among other things, the hearing evidence established that the mother was involved in public disturbances and engaged in an act of domestic violence against the father in the presence of the child. Such evidence demonstrates that the mother possesses a character which is ill-suited to the difficult task of providing her young child with moral and intellectual guidance (*see Matter of Moreno v Cruz,* 24 AD3d 780 [2005]; *Matter of Acevedo v Acevedo,* 200 AD2d 567 [1994]). Mastro, J.P., Skelos, Santucci and Hall, JJ., concur.