██ In the Matter of HORACE TAYLOR, Respondent, v MARCIA TAYLOR, Appellant. [881 NYS2d 440]—

In a child custody proceeding pursuant to Family Court Act article 6, and a related family offense proceeding pursuant to Family Court Act article 8, the mother appeals, as limited by her brief, from so much of an order of the Family Court, Dutchess County (Forman, J.), entered January 16, 2008, as, after a hearing, granted the father's petition to modify a prior custody order of the same court awarding her physical custody of the child, so as to award him sole custody of the subject child, and granted the father's family offense petition to the extent of finding, in effect, that she committed a family offense within the meaning of Family Court Act § 812, and issuing an order of protection for a period of one year.

Ordered that the order is modified, on the law and the facts, by deleting the provision thereof granting the father's family offense petition to the extent of finding, in effect, that the mother committed a family offense within the meaning of Family Court Act § 812, and issuing an order of protection for a period of one year, and substituting therefor a provision denying the family

offense petition in its entirety; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

To modify an existing custody arrangement, there must be a showing of a change of circumstances such that modification is required to protect the best interests of the child (*see Matter of Zeis v Slater*, 57 AD3d 793 [2008]; *Matter of Wirth v Wirth*, 56 AD3d 787 [2008]). The best interests of the child are determined by a review of the totality of the circumstances (*see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]). Deference should be accorded the hearing court, which observed the witnesses, and the hearing court's custody determination should not be set aside unless it lacks a sound and substantial basis in the record (*see Matter of Weinberg v Weinberg*, 52 AD3d 616 [2008]; *Matter of Fallarino v Ayala*, 41 AD3d 714 [2007]). Here, the Family Court's determination that it was in the child's best interests to award sole custody to the father is supported by a sound and substantial basis in the record, and we decline to disturb it.

Although the Family Court improvidently exercised its discretion in admitting into evidence, over the mother's objections, the reports of the psychologist who supervised the visits between the mother and child (*see Kesseler v Kesseler*, 10 NY2d 445 [1962]; *Matter of Nicole VV.*, 296 AD2d 608 [2002]; *Matter of Chambers v Bruce*, 292 AD2d 525 [2002]; *Wilson v Wilson*, 226 AD2d 711 [1996]), the error in admitting the reports was not prejudicial. "There is a sound and substantial basis in the record for the Family Court's determination without consideration of the improperly admitted report[s]" (*Matter of Tercjak v Tercjak*, 49 AD3d 772, 773 [2008]; *see Matter of D'Esposito v Kepler*, 14 AD3d 509 [2005]).

Although the order of protection has expired, in light of the enduring consequences which may potentially flow from an adjudication that a party has committed a family offense, the appeal is not academic (*see Matter of Garland v Garland*, 3 AD3d 496 [2004]; *Matter of Hogan v Hogan*, 271 AD2d 533 [2000]). The record does not support a determination that the mother committed a family offense warranting the issuance of the order of protection (*see* Family Ct Act § 812 [1]; § 832; *Matter of Cavanaugh v Madden*, 298 AD2d 390 [2002]). Accordingly, the Family Court erred in granting the father's family offense petition to the extent of finding, in effect, that the mother committed a family offense and issuing the order of protection. Rivera, J.P., Santucci, Chambers and Hall, JJ., concur.