■ In the Matter of Jose Olivera, Respondent, v Diana Martinez, Appellant. [881 NYS2d 912]—In a child custody proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Richmond County (Stanton, Ct. Atty. Ref.), dated April 10, 2008, which, after a hearing, granted the father's petition to modify a prior custody order of the same court (Gonzalez-Roman, Ct. Atty. Ref.) dated May 4, 2005, as amended by an order of the same court (Hepner, J.) dated January 11, 2006, awarding her sole legal and physical custody of the parties' child and awarding him certain visitation, so as to award him sole legal and physical custody of the parties' child and award her certain visitation.

Ordered that the order dated April 10, 2008 is affirmed, without costs or disbursements.

To modify an existing custody arrangement, there must be a showing of a change in circumstances such that modification is required to protect the best interests of the child (*see Matter of Weinberg v Weinberg*, 52 AD3d 616 [2008]; *Matter of Shehata v Shehata*, 31 AD3d 773 [2006]). The best interests of the child are determined by a review of the totality of the circumstances (*see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]). Deference should be accorded the hearing court, which saw and heard the witnesses, and the hearing court's custody determination should not be set aside unless it lacks a sound and substantial basis in the record (*see Matter of Meyers v Sheehan*, 62 AD3d 802 [2009]; *Matter of Shehata v Shehata*, 31 AD3d at 774).

Here, the Family Court's determination that there had been a change in circumstances since the issuance of the prior custody order, and that it was in the child's best interests to award sole legal and physical custody to the father, is supported by a sound and substantial basis in the record. Accordingly, we decline to

disturb that determination (*see Matter of Gilmartin v Abbas,* 60 AD3d 1058 [2009]; *Matter of Zeis v Slater,* 57 AD3d 793, 794 [2008]; *Matter of Weinberg v Weinberg,* 52 AD3d at 617).

The mother's remaining contentions are without merit. Prudenti, P.J., Miller, Covello and Austin, JJ., concur.