■ In the Matter of ISMAEL IZZY QUINONES, JR., Respondent, v CHERYLYNN IBARRONDO, Appellant. [886 NYS2d 906]—In a child custody proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Kings County (Sacco, J.), dated October 1, 2008, which, after a hearing, granted the father's petition to modify an order of the same court (Olshansky, J.), dated October 5, 2005, awarding the parties joint custody of the subject child, so as to award him sole custody of the child.

Ordered that the order is affirmed, without costs or disbursements.

"Modification of an existing custody or visitation arrangement is permissible only upon a showing that there has been a change in circumstances such that a modification is necessary to ensure the continued best interests and welfare of the child" (*Matter of Grant v Hunter*, 64 AD3d 779, 779 [2009], quoting *Matter of Riedel v Riedel*, 61 AD3d 979 [2009]). The best

interests of the child are determined by a review of the totality of the circumstances (*see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]; *Matter of Olivera v Martinez*, 64 AD3d 714 [2009]).

A determination by the Family Court with respect to custody should be accorded great deference on appeal, since it had the opportunity to assess the witnesses' demeanor and credibility (*see Matter of Lightbody v Lightbody*, 42 AD3d 537 [2007]). Here, there is no basis to disturb the Family Court's determination that it would be in the best interests of the child to award sole custody to the father, as it has a sound and substantial basis in the record (*see Matter of Olivera v Martinez*, 64 AD3d 714 [2009]). Dillon, J.P., Dickerson, Lott and Austin, JJ., concur.