■ In the Matter of Lucas Paul Jones, Respondent, v Christina Leppert, Appellant. [904 NYS2d 503]—

In a child custody proceeding pursuant to Family Court Act article 6, the mother appeals from an order of Family Court,

Orange County (Woods, J.), dated May 13, 2009, which, after a hearing, granted the father's petition to modify a prior order of the same court dated November 25, 2008, so as to award him sole legal and physical custody of the subject child, with visitation to her.

Ordered that the order dated May 13, 2009, is affirmed, without costs or disbursements.

To modify an existing custody arrangement, there must be a showing of a change in circumstances such that modification is required to protect the best interests of the child (*see Matter of Zeis v Slater*, 57 AD3d 793, 794 [2008]; *Matter of Wirth v Wirth*, 56 AD3d 787, 788 [2008]). The best interests of the child are determined by a review of the totality of the circumstances (*see Eschbach v Eschbach*, 56 NY2d 167, 172 [1982]). Factors to be considered include, inter alia, (1) the original placement of the child, (2) the length of that placement, (3) the child's desires, (4) the relative fitness of the parents, (5) the quality of the home environment, (6) the parental guidance given to the child, (7) the parents' financial status, and (8) the parents' ability to provide for the child's emotional and intellectual development (*see Cuccurullo v Cuccurullo*, 21 AD3d 983, 984 [2005]; *Kuncman v Kuncman*, 188 AD2d 517, 518 [1992]). Since any custody determination necessarily depends to a great extent upon an assessment of the character and credibility of the parties and witnesses, deference is accorded the hearing court's findings, and its findings will not be disturbed unless lacking a sound and substantial basis in the record (*see Cuccurullo v Cuccurullo*, 21 AD3d at 984).

Contrary to the mother's contention, a sound and substantial basis exists in the record to support the Family Court's determination that a sufficient change of circumstances has occurred such that a change in custody is required to protect the best interests of the child (*see Matter of Zeis v Slater*, 57 AD3d at 794). The evidence established, among other things, that the mother interfered with the father's visitation rights and attempted to strike the paternal grandmother during an exchange of the child. Such acts were so inconsistent with the child's best interests that they per se raise a strong probability that the mother is unfit to act as a custodial parent (*see Matter of Lichtenfeld v Lichtenfeld*, 41 AD3d 849, 850 [2007]; *Matter of Kubista v Kubista*, 11 AD3d 743, 745 [2004]; *Matter of Greene v Gordon*, 7 AD3d 528, 529 [2004]; *Young v Young*, 212 AD2d 114, 118 [1995]). Additionally, the Family Court's determination was supported by the recommendation of the court-appointed forensic evaluator, which is entitled to some weight (*see Matter of*

*Edwards v Rothschild*, 60 AD3d 675, 677-678 [2009]; *Matter of Rolon v Medina*, 56 AD3d 676, 677 [2008]). While the award of custody separated the subject child from his younger half brother, the visitation schedule affords him ample opportunity to spend time with his sibling (*see Matter of Nikolic v Ingrassia*, 47 AD3d 819, 821 [2008]). Accordingly, the Family Court's determination will not be disturbed. Dillon, J.P., Miller, Eng and Chambers, JJ., concur.