◼ In the Matter of WILLIE MCCLURKIN, Respondent, v MIRIAM BAILEY, Appellant. (Proceeding No. 1.) In the Matter of MIRIAM BAILEY, Appellant, v WILLIE MCCLURKIN, Respondent. (Proceeding No. 2.) [911 NYS2d 99]—

In related child custody and visitation proceedings pursuant to Family Court Act article 6, the mother appeals, as limited by her brief, from (1) stated portions of an order of the Family Court, Suffolk County (Luft, J.), dated May 6, 2009, which, after a hearing, inter alia, awarded the father certain visitation with the child, and (2) so much of an order of the same court dated December 23, 2009, as, after a hearing, awarded the father sole custody of the child.

Ordered that the appeal from the order dated May 6, 2009, is dismissed as academic, without costs or disbursements, in light of our determination on the appeal from the order dated December 23, 2009; and it is further,

Ordered that the order dated December 23, 2009, is affirmed insofar as appealed from, without costs or disbursements.

"To modify an existing custody arrangement, there must be a showing of a change of circumstances such that modification is required to protect the best interests of the child" (*Matter of Zeis v Slater*, 57 AD3d 793, 793 [2008]; *see Matter of Chabotte v Faella*, 77 AD3d 749 [2010]; *Matter of Jones v Leppert*, 75 AD3d 552 [2010]). Deference should be afforded to the hearing court, which had the opportunity to observe the witnesses and evaluate their credibility, character, and temperaments, and the hearing court's custody determination should not be disturbed unless it lacks a sound and substantial basis in the record (*see Eschbach v Eschbach*, 56 NY2d 167, 173-174 [1982]; *Matter of Jones v Leppert*, 75 AD3d 552 [2010]; *Matter of Weinberg v Weinberg*, 52 AD3d 616, 617 [2008]; *Matter of Nikolic v Ingrassia*, 47 AD3d 819, 820 [2008]; *Hanway v Hanway*, 208 AD2d 499, 500 [1994]).

Here, the Family Court's determination that there had been a sufficient change in circumstances since the issuance of its prior

custody order such that it would be in the best interests of the child to award the father sole custody has a sound and substantial basis in the record. Although the prior custody order awarded the mother sole custody of the child, the Family Court had warned her that continued attempts to prevent the father from fostering a relationship with the child could result in a change of custody. The hearing testimony demonstrated that after the issuance of the prior order, the mother nevertheless interfered with the father's visitation rights by repeatedly failing to bring the child to scheduled visitations and to accommodate court-ordered phone contact between the father and the child. There was also evidence that the mother made unfounded reports of child abuse against the father, and that she continued to be uncooperative and unsupportive of his efforts to foster a relationship with the child. This conduct was so inconsistent with the child's best interests that it per se raised a strong probability that the mother is unfit to act as a custodial parent (*see Matter of Jones v Leppert*, 75 AD3d 552 [2010]; *Matter of Zeis v Slater*, 57 AD3d at 794; *Matter of Weinberg v Weinberg*, 52 AD3d at 617; *Matter of Nikolic v Ingrassia*, 47 AD3d at 820; *Matter of Perez v Sepulveda*, 21 AD3d 558, 559 [2005]). Accordingly, the Family Court's determination should not be disturbed.

Skelos, J.P., Dickerson, Eng and Lott, JJ., concur.