■ In the Matter of LYNDA GORSKY, Respondent, v JOHN ALEXANDER KESSLER, Also Known as LEX KESSLER, Appellant. [911 NYS2d 129]—

In a proceeding pursuant to Family Court Act article 6, the father appeals, as limited by his brief, from so much of an order of the Family Court, Westchester County (Klein, J.), dated June 18, 2009, as, after a hearing, awarded the mother sole custody of the parties' children.

Ordered that the order is affirmed insofar as appealed from, with costs.

The court's paramount concern in any custody dispute is whether, under the totality of the circumstances, a determination of custody is in the best interests of the child (*see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]; *Matter of Roldan v Nieves*, 76 AD3d 634 [2010]; *Matter of Lamarche v Jessie*, 74 AD3d 1341 [2010]; *Matter of Nikolic v Ingrassia*, 47 AD3d 819, 820 [2008]). Where modification of an existing custody arrangement is at issue, there must be a showing of a change in circumstances such that modification of custody is necessary to ensure the continued best interests and welfare of the child (*see Eschbach v Eschbach*, 56 NY2d at 171; *Matter of Lamarche v Jessie*, 74 AD3d at 1341; *Matter of Quinones v Ibarrondo*, 67 AD3d 686 [2009]; *Matter of Pignataro v Davis*, 8 AD3d 487, 488 [2004]). "Custody determinations turn in large part on assessments of the credibility, character, temperament, and sincerity of the parties, and where a full evidentiary hearing has been held on the child's best interests, the resultant findings will not be lightly set aside on appeal" (*Matter of Roldan v Nieves*, 76 AD3d at 635; *see Petek v Petek*, 239 AD2d 327 [1997]). The Family Court's determination should not be disturbed unless it lacks a sound and substantial basis in the record (*see Eschbach v Eschbach*, 56 NY2d at 173-174; *Salvatore v Salvatore*, 68 AD3d 966 [2009]; *Matter of Berkham v Vessia*, 63 AD3d 1155 [2009]).

Here, contrary to the father's contention, the Family Court's finding that there was a change of circumstances such that the children's continued best interests and welfare would be served by an award of sole custody to the mother has a sound and substantial basis in the record.

The father's contention that the Family Court should have ordered a forensic examination is without merit (*see Dana-Sitzer v Sitzer*, 48 AD3d 354 [2008]; *Matter of Salamone-Finchum v McDevitt*, 28 AD3d 670, 671 [2006]; *Matter of Diaz v Santiago*, 8 AD3d 562, 563 [2004]). The father's remaining contentions are without merit. Prudenti, P.J., Covello, Florio and Belen, JJ., concur.