*890 In a matrimonial action in which the parties were divorced by judgment entered October 27, 2010, the defendant appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Janowitz, J.), dated August 8, 2012, as, after a hearing, granted the plaintiff’s motion to modify the custody provisions of the parties’ judgment of divorce so as to award him sole custody of the parties’ child and denied her cross motion for sole custody of the child.
Ordered that the order is affirmed insofar as appealed from, with costs.
On July 1, 2010, the parties agreed, by stipulation of settlement, that they would have joint custody of their child and that the defendant would have physical custody. The plaintiff agreed to the defendant’s proposed move to South Carolina on the condition that he was to have liberal visitation with the child and that the parties would share the cost of transportation. The defendant moved to South Carolina the same day. The parties were divorced by a judgment entered October 27, 2010.
On December 3, 2010, the plaintiff, who, despite having a liberal visitation schedule, had seen the child only for one three-week visit in August and a 10-minute visit in November, filed an emergency motion seeking a change in custody. The defendant cross-moved for sole custody of the child and to modify provisions of the judgment of divorce so as to limit the plaintiffs visitation. After a hearing, the Supreme Court granted the plaintiff’s motion, and awarded him sole custody on the basis that the defendant had failed to comply with the visitation provisions of the parties’ stipulation of settlement, and denied the defendant’s cross motion. The defendant appeals.
“In adjudicating custody . . . , the most important factor to be considered is the best interests of the child” (Matter of Jules v Corriette, 76 AD3d 1016, 1017 [2010]; see Eschbach v Eschbach, 56 NY2d 167, 171 [1982]; Matter of McKoy v Vatter, 106 AD3d 1090 [2013]; Pierre-Paul v Boursiquot, 74 AD3d 935, 936 [2010]; Matter of Roldan v Nieves, 76 AD3d 634 [2010]; Mohen v Mohen, 53 AD3d 471, 472-473 [2008]; Matter of Fallarino v Ayala, 41 AD3d 714, 714-715 [2007]). “Where parents enter into an agreement concerning custody, ‘it will not be set aside unless there is a sufficient change in circumstances since the time of the stipulation and unless the modification of the custody agreement is in the best interests of the children’ ” (Anonymous 2011-1 v Anonymous 2011-2, 102 AD3d 640, 641 [2013], quoting Matter of Gaudette v Gaudette, 262 AD2d 804, 805 [1999]; see Matter of *891 Dorsa v Dorsa, 90 AD3d 1046 [2011]; Matter of Joseph F. v Patricia F., 32 AD3d 938, 939 [2006]; Matter of Pignataro v Davis, 8 AD3d 487, 488 [2004]; Smoczkiewicz v Smoczkiewicz, 2 AD3d 705, 706 [2003]). In determining the child’s best interests, the court must look to the totality of the circumstances (see Anonymous 2011-1 v Anonymous 2011-2, 102 AD3d at 641; Matter of Dorsa v Dorsa, 90 AD3d at 1046; Matter of Zeis v Slater, 57 AD3d 793 [2008]; Matter of Fallarino v Ayala, 41 AD3d at 714-715; Corigliano v Corigliano, 297 AD2d 328, 329 [2002]). “As custody determinations turn in large part on assessments of the credibility, character, temperament, and sincerity of the parties, the [c]ourt’s determination should not be disturbed unless it lacks a sound and substantial basis in the record” (Matter of Tori v Tori, 103 AD3d 654, 655 [2013];see Eschbach v Eschbach, 56 NY2d at 173; Matter of McKoy v Vatter, 106 AD3d at 1090; Matter of Cooper v Robertson, 97 AD3d 743, 744 [2012]; Matter of Clarke v Boertlein, 82 AD3d 976, 977 [2011]; Matter of Jules v Corriette, 76 AD3d at 1017; Mohen v Mohen, 53 AD3d at 473; Pierre-Paul v Boursiquot, 74 AD3d at 936; Matter of Zeis v Slater, 57 AD3d at 794).
In this case, the critical issue facing the Supreme Court was the parties’ relative abilities to foster a relationship with the noncustodial parent and to cooperate in coordinating long-distance visitation. As we have stated, “one of the primary responsibilities of a custodial parent is to assure meaningful contact between the children and the noncustodial parent, and the willingness of a parent to assure such meaningful contact between the children and the other parent is a factor to be considered in making a custody determination” (Matter of Vasquez v Ortiz, 77 AD3d 962, 962 [2010]; see Matter of Honeywell v Honeywell, 39 AD3d 857, 858 [2007]; Cuccurullo v Cuccurullo, 21 AD3d 983, 984 [2005]). In contrast, “[w]illful interference with a noncustodial parent’s right to visitation is so inconsistent with the best interests of the children as to, per se, raise a strong probability that the offending party is unfit to act as a custodial parent” (Matter of Ross v Ross, 68 AD3d 878, 878 [2009]; see Matter of Lawlor v Eder, 106 AD3d 739, 740 [2013]; Matter of Tori v Tori, 103 AD3d at 655; Matter of Jones v Pagan, 96 AD3d 1058 [2012]; Matter of Gurewich v Gurewich, 58 AD3d 628, 629 [2009]; Matter of Zeis v Slater, 57 AD3d at 794; Matter of Weinberg v Weinberg, 52 AD3d 616, 617 [2008]; Matter of Nikolic v Ingrassia, 47 AD3d 819, 820 [2008]; Young v Young, 212 AD2d 114, 122 [1995]).
Here, the plaintiff demonstrated changed circumstances in that the defendant not only failed to take any responsibility for *892 transporting the child for the plaintiff’s visitation, but also denied the plaintiff visitation on several occasions when he had traveled from New York to South Carolina at his sole expense to see the child. The defendant also denied the plaintiff other visitation to which he was entitled. The record therefore contained ample evidence to support the Supreme Court’s conclusion that the parties could not effectively co-parent and that awarding sole custody to the plaintiff was the only way to ensure the child an ongoing relationship with both parents.
The defendant’s remaining contentions are either unpreserved for appellate review (see Matter of Cohn, 46 AD3d 680, 681 [2007]; Fresh Pond Rd. Assoc. v Estate of Schacht, 120 AD2d 561 [1986]) or without merit (see Musacchio v Musacchio, 107 AD3d 1326, 1327 [2013]; Jean v Jean, 59 AD3d 599, 600 [2009]). Mastro, J.E, Dickerson, Lott and Hinds-Radix, JJ., concur.