Matter of Andrade v Salvador (2018 NY Slip Op 02606)





Matter of Andrade v Salvador


2018 NY Slip Op 02606


Decided on April 18, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 18, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
SANDRA L. SGROI
ANGELA G. IANNACCI, JJ.


2016-13450
 (Docket Nos. V-4775-13, V-4776-13, V-5585-13, V-5586-13)

[*1]In the Matter of Yolanda Y. Andrade, respondent,
v
Maclin A. Salvador, appellant. (Proceeding No. 1)
In the Matter of Maclin A. Salvador, appellant,
v
Yolanda Y. Andrade, respondent. (Proceeding No. 2)


William H. Sheeckutz, East Meadow, NY, for appellant.
Rhonda R. Weir, Brooklyn, NY, for respondent.
Elaine Miller, Great Neck, NY, attorney for the children.



DECISION & ORDER
In related child custody proceedings, the father appeals from an order of the Family Court, Nassau County (Robert LoPresti, Ct. Atty. Ref.), dated October 31, 2016. The order, insofar as appealed from, after a hearing, granted the mother's petition for custody of the parties' children and denied the father's cross petition for custody of the parties' children.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The parties, who were never married, have two children together. After their birth, the children lived with the mother in her various foster homes with occasional visitation by the father until the mother voluntarily agreed to let the children live with the father in April 2012.
In May 2013, the mother filed a custody petition in Nassau County, and in June 2013, the father filed a cross petition for custody. After a hearing, the Family Court, in an order dated October 31, 2016, among other things, granted the mother's petition, denied the father's cross [*2]petition, and awarded the mother custody of the children, with parenting time to the father. The father appeals.
The court's paramount concern in a custody dispute is "to determine, under the totality of the circumstances, what is in the best interests of the child" (Matter of Pena v Cordero, 152 AD3d 697, 697-698; see Eschbach v Eschbach, 56 NY2d 167, 171). "Factors to be considered include the quality of the home environment and the parental guidance the custodial parent provides for the child, the ability of each parent to provide for the child's emotional and intellectual development, the financial status and ability of each parent to provide for the child, the relative fitness of the respective parents, and the effect an award of custody to one parent might have on the child's relationship with the other parent" (Mohen v Mohen, 53 AD3d 471, 473 [internal quotation marks omitted]; see Matter of Moran v Cortez, 85 AD3d 795, 796). "Custody determinations turn in large part on assessments of the credibility, character, temperament, and sincerity of the parties" (Matter of Roldan v Nieves, 76 AD3d 634, 635). The court's credibility determinations are entitled to great weight, and its award of custody should not be disturbed unless it lacks a sound and substantial basis in the record (see Eschbach v Eschbach, 56 NY2d at 173-174; Matter of Blakeney v Blakeney, 99 AD3d 898; Matter of Gorsky v Kesslev, 78 AD3d 834, 835).
Here, the evidence shows that both parents love their children, but that the mother is able to provide a better home environment for the children, is better able to provide for the children's emotional and intellectual development, and, in contrast to the father, will not impede the children's relationship with the noncustodial parent. Accordingly, the Family Court's determination that the children's best interests would be served by awarding sole custody to the mother has a sound and substantial basis in the record and will not be disturbed on appeal (see Alvarez v Alvarez, 114 AD3d 889, 891; Matter of Lawlor v Eder, 106 AD3d 739; Matter of Ganzenmuller v Rivera, 40 AD3d 756; Matter of Brian S. v Stephanie P., 34 AD3d 685, 686).
BALKIN, J.P., AUSTIN, SGROI and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court