Matter of Lallas v Bolin (2018 NY Slip Op 04726)





Matter of Lallas v Bolin


2018 NY Slip Op 04726


Decided on June 27, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 27, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SANDRA L. SGROI
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON, JJ.


2017-06324
 (Docket No. V-20776-08/15B/16E/16F)

[*1]In the Matter of Jennifer Lynn Lallas, respondent, 
v
Elizabeth Bolin, appellant.


Elliot Green, Brooklyn, NY, for appellant.
Law Office of Dorothy A. Courten, PLLC, Hauppauge, NY, for respondent.
Laurette D. Mulry, Central Islip, NY (John B. Belmonte of counsel), attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the maternal grandmother appeals from an order of the Family Court, Suffolk County (Jeffrey Arlen Spinner, J.), dated June 7, 2017. The order, insofar as appealed from, after a hearing, granted the mother's petition to modify an order of the same court (Matthew M. Deedy, Ct. Atty. Ref.) dated December 23, 2014, so as to award her sole custody of the subject child and to hold the maternal grandmother in civil contempt for violating that order, and directed the maternal grandmother to pay the mother's counsel fees arising from this proceeding as a sanction for her contempt.
ORDERED that the order dated June 7, 2017, is modified, on the law and the facts, by deleting the provision thereof granting that branch of the mother's petition which was to hold the maternal grandmother in civil contempt and directing the maternal grandmother to pay the mother's counsel fees as a sanction for her contempt, and substituting therefor a provision denying that branch of the petition; as so modified, the order dated June 7, 2017, is affirmed insofar as appealed from, without costs or disbursements.
This proceeding pursuant to Family Court Act article 6 involves a custody dispute between the mother of the subject child and the maternal grandmother. The maternal grandmother had custody of the child, who was born in October 2007, with the consent of the mother and based upon a so-ordered stipulation dated April 17, 2009. The mother subsequently married, gave birth to another child, and relocated to Texas. In 2014, the mother filed a petition for custody of the subject child. In an order dated December 23, 2014, the Family Court, inter alia, denied the petition and established a parental access schedule for the mother.
In a petition dated February 19, 2015, the mother sought to hold the maternal [*2]grandmother in civil contempt for her alleged violation of the parental access provisions of the order dated December 23, 2014, and to modify that order so as to award her sole custody of the child. In an order dated March 4, 2015, the Family Court declined to sign the mother's order to show cause accompanying the petition. On appeal, this Court affirmed the order dated December 23, 2014, reversed the order dated March 4, 2015, and remitted the matter to the Family Court, Suffolk County, to sign the mother's order to show cause (see Matter of Lallas v Bolin, 134 AD3d 1038). On remittitur, the Family Court, after a hearing, granted the mother's petition for sole custody and to hold the maternal grandmother in civil contempt, and directed the maternal grandmother to pay the mother's counsel fees as a sanction for her contempt. The maternal grandmother appeals.
The modification of an existing custody arrangement is permissible upon a showing that there has been a change in circumstances such that a modification is necessary to ensure the continued best interests and welfare of the child (see Eschbach v Eschbach, 56 NY2d 167; Matter of Pignataro v Davis, 8 AD3d 487, 488). Under the circumstances of this case, we agree with the Family Court's finding that a change in circumstances, including the hostile relationship between the mother and the maternal grandmother, warranted a change of custody to the mother (see Alvarez v Alvarez, 114 AD3d 889, 891-892; Matter of Tori v Tori, 103 AD3d 654, 655; see also Matter of Hamed v Hamed, 88 AD3d 791).
With respect to the contempt finding, in order to adjudicate a party in civil contempt, a court must find that: (1) a lawful order of the court, clearly expressing an unequivocal mandate, was in effect, (2) the party against whom contempt is sought disobeyed the order, (3) the party who disobeyed the order had knowledge of its terms, and (4) the movant was prejudiced by the offending conduct (see El-Dehdan v El-Dehdan, 26 NY3d 19, 29; Bernard-Cadet v Gobin, 94 AD3d 1030, 1031; see also Judiciary Law § 753). The petitioner in a contempt proceeding must prove these elements by clear and convincing evidence (see El-Dehdan v El-Dehdan, 26 NY3d at 29). The evidence in the record indicates that the mother and maternal grandmother were engaged in a hostile long-distance relationship, which erupted into disagreements about, inter alia, the proper interpretation of the somewhat ambiguous parental access provisions of the order dated December 23, 2014. There was also evidence of delayed compliance with certain court directives and hostile encounters between the parties, which involved the child. However, that evidence failed to establish each of the elements of civil contempt by clear and convincing evidence.
Accordingly, the Family Court should have denied that branch of the mother's petition which was to hold the maternal grandmother in civil contempt, and should not have directed the maternal grandmother to pay the mother's counsel fees as a sanction for her contempt.
The maternal grandmother's remaining contentions are without merit.
MASTRO, J.P., SGROI, HINDS-RADIX and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court