Matter of Gottfried v Gottfried (2018 NY Slip Op 05469)





Matter of Gottfried v Gottfried


2018 NY Slip Op 05469


Decided on July 25, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 25, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2017-10342
 (Docket No. V-3857-17A/B)

[*1]In the Matter of Lauren Gottfried, respondent, 
v
Daniel Gottfried, appellant.


Wand & Goody, LLP, Huntington, NY (Jennifer H. Goody of counsel), for appellant.
The Law Office of Katherine Ryan, P.C., Melville, NY, for respondent.
Laurette D. Mulry, Central Islip, NY (John B. Belmonte of counsel), attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Suffolk County (Frank A. Tantone, J.), dated September 1, 2017. The order, after a hearing, granted the mother's petition to modify the custody provisions of the parties' stipulation of settlement dated February 5, 2014, which was incorporated but not merged into the parties' judgment of divorce entered April 3, 2014, so as to award her sole legal and residential custody of the parties' child, and denied the father's cross petition for the same relief in his favor.
ORDERED that the order is affirmed, without costs and disbursements.
The parties were married and have one child born in 2012. As part of a stipulation of settlement dated February 5, 2014, which was incorporated but not merged into the parties' judgment of divorce entered April 3, 2014, the parties agreed to joint custody of the child. When the parties could not agree on where the child would enroll in kindergarten, the mother filed a petition to modify the custody provisions of the stipulation, as incorporated into the judgment of divorce, so as to award her sole legal and residential custody of the child. The father filed a cross petition for the same relief in his favor. After a hearing, the Family Court granted the mother's petition and denied the father's cross petition. The father appeals.
To modify an existing court-ordered custody arrangement, there must be a showing of a change in circumstances such that modification is required to protect the best interests of the child (see Matter of Zeis v Slater, 57 AD3d 793, 794; Matter of Wirth v Wirth, 56 AD3d 787, 788). There is no prima facie right to the custody of the child in either parent (see Friederwitzer v Friederwitzer, 55 NY2d 89, 93; Matter of Riccio v Riccio, 21 AD3d 1107). The essential consideration in making an award of custody is the best interests of the child (see Friederwitzer v Friederwitzer, 55 NY2d at 94; Matter of Cardozo v Defreitas, 87 AD3d 1138). Factors to be considered include, inter alia, (1) the original placement of the child, (2) the length of that placement, (3) the child's desires, (4) the relative fitness of the parents, (5) the quality of the home environment, [*2](6) the parental guidance given to the child, (7) the parents' financial status, and (8) the parents' ability to provide for the child's emotional and intellectual development (see Matter of Jonas v Leppert, 75 AD3d 552; Cuccurullo v Cuccurullo, 21 AD3d 983, 984; Kuncman v Kuncman, 188 AD2d 517, 518). Since any custody determination necessarily depends to a great extent upon an assessment of the character and credibility of the parties and witnesses, deference is accorded the hearing court's findings, and its findings will not be disturbed unless lacking a sound and substantial basis in the record (see Cuccurullo v Cuccurullo, 21 AD3d at 984).
Under the circumstances of this case, the parties' inability to agree on where the child would enroll in kindergarten constituted a change of circumstances requiring a modification of the existing joint custody arrangement to protect the best interests of the child. The Family Court's determination that the mother "is better equipped to meet the physical, mental and emotional needs of the child and that she has the capacity to properly raise and nurture the child, and continue to foster a relationship between the child and the father" has a sound and substantial basis in the record (see Matter of Feliccia v Spahn, 108 AD3d 702). Accordingly, the court's decision to award legal and residential custody to the mother will not be disturbed.
The father's remaining contention, that the Family Court erred by refusing to admit into evidence a parenting coordinator's note, is without merit.
SCHEINKMAN, P.J., MASTRO, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court