Matter of Ramirez v Francisco (2021 NY Slip Op 02291)





Matter of Ramirez v Francisco


2021 NY Slip Op 02291


Decided on April 14, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 14, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, A.P.J.
REINALDO E. RIVERA
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2019-08610
 (Docket Nos. V-1330-15/18D/18E, V-2279-17/18B/18C)

[*1]In the Matter of Miguel De La Rosa Ramirez, respondent, 
v
Laura Garcia Francisco, appellant.


Carol Kahn, New York, NY, for appellant.
Del Atwell, East Hampton, NY, for respondent. 
Andrew W. Szczesniak, White Plains, NY, attorney for the children.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Dutchess County (Denise M. Watson, J.), dated June 28, 2019. The order, insofar as appealed from, after a hearing, granted the father's petition to modify two orders of custody and visitation of the same court, both dated April 18, 2018, so as to award him primary physical custody of the parties' children.
ORDERED that the order dated June 28, 2019, is affirmed insofar as appealed from, without costs or disbursements.
The parties, who were never married, have two children together, born in 2010 and 2015, respectively. By order of custody and visitation on consent dated April 8, 2016, the parties were awarded joint legal custody of the older child, with primary physical custody to the mother and parental access to the father.
Subsequently, the parties filed various petitions, including competing petitions seeking to modify the order of custody and visitation dated April 8, 2016, and for custody of the younger child. By modified order of custody and visitation on consent dated April 18, 2018, the foregoing custody and parental access arrangement was continued with regard to the older child. By separate order of custody and visitation on consent, also dated April 18, 2018, the parties were awarded joint legal custody of the younger child, with primary physical custody to the mother and parental access to the father.
On July 26, 2018, the father filed, inter alia, a petition seeking to modify the two orders of custody and visitation dated April 18, 2018 (hereinafter the 2018 orders), so as to award him primary physical custody of the children, with parental access to the mother. After a hearing, the Family Court granted the father's petition and awarded him primary physical custody of the children, with parental access to the mother. The mother appeals.
"To modify an existing custody arrangement, there must be a showing of a change of circumstances such that modification is required to protect the best interests of the child" (Matter [*2]of Zeis v Slater, 57 AD3d 793, 793; see Matter of McClurkin v Bailey, 78 AD3d 707, 707). "The best interests of the child are determined by a review of the totality of the circumstances" (Matter of Zeis v Slater, 57 AD3d at 793, citing Eschbach v Eschbach, 57 NY2d 167, 171). Since the Family Court's custody determination depends to a great extent upon an assessment of the credibility of the witnesses and upon the character, temperament, and sincerity of the parents, such determination should not be disturbed unless it lacks a sound and substantial basis in the record (see Matter of McClurkin v Bailey, 78 AD3d at 707; Matter of Zeis v Slater, 57 AD3d at 793-794). Here, the court's determination that there had been a change of circumstances sufficient to warrant a modification of primary physical custody, based, inter alia, on evidence that the mother interfered with the relationship between the father and the children has a sound and substantial basis in the record and will not be disturbed (see Eschbach v Eschbach, 56 NY2d at 174; see generally Young v Young, 212 AD2d 114, 116).
The mother's remaining contentions are either unpreserved for appellate review or without merit.
MASTRO, A.P.J., RIVERA, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court