Matter of Coward v Biddle (2021 NY Slip Op 03832)





Matter of Coward v Biddle


2021 NY Slip Op 03832


Decided on June 16, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 16, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON
PAUL WOOTEN, JJ.


2020-04857
 (Docket No. V-15066-16)

[*1]In the Matter of Lashonda Coward, appellant,
v
Anthony H. Biddle, respondent. (Proceeding No. 1)
In the Matter of Anthony H. Biddle, respondent, v Lashonda Coward, appellant. (Proceeding No. 2)


Hegge & Confusione, LLC, New York, NY (Michael Confusione of counsel), for appellant.
Susan A. DeNatale, Bayport, NY, attorney for the child.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Suffolk County (James F. Quinn, J.), dated December 20, 2019. The order, insofar as appealed from, after a hearing, granted the father's petition to modify an order of custody and parental access of the same court (Richard Hoffmann, J.) dated September 9, 2016, so as to award him sole legal and physical custody of the parties' child, with parental access to the mother.
ORDERED that the order dated December 20, 2019, is affirmed insofar as appealed from, without costs or disbursements.
The parties have one child in common, born in May 2010. In an order of custody and parental access dated September 9, 2016 (hereinafter the prior order), issued on consent, the parties were awarded joint legal custody of the child, with residential custody to the mother and parental access to the father. Subsequently, the parties filed, inter alia, competing petitions to modify the prior order. As relevant to this appeal, the father sought to modify the prior order so as to award him sole legal and physical custody of the child, with parental access to the mother. After a hearing, the Family Court, among other things, granted the father's petition and awarded him sole legal and physical custody of the child, with parental access to the mother. The mother appeals.
To modify an existing court-sanctioned custody arrangement, "there must be a showing of a change of circumstances such that modification is required to protect the best interests of the child" (Matter of Zeis v Slater, 57 AD3d 793, 793; see Matter of McClurkin v Bailey, 78 AD3d 707, 707). "The best interests of the child are determined by a review of the totality of the circumstances" (Matter of Zeis v Slater, 57 AD3d at 793; see Eschbach v Eschbach, 56 NY2d 167, 171). Since the Family Court's custody determination depends to a great extent upon an assessment of the credibility of the witnesses and upon the character, temperament, and sincerity of the parents, [*2]such determination should not be disturbed unless it lacks a sound and substantial basis in the record (see Matter of McClurkin v Bailey, 78 AD3d at 707; Matter of Zeis v Slater, 57 AD3d at 793-794).
Here, the Family Court's determination that there had been a change of circumstances sufficient to warrant a modification of custody, based, inter alia, on evidence that the mother interfered with the relationship between the father and the child, has a sound and substantial basis in the record and will not be disturbed (see Eschbach v Eschbach, 56 NY2d at 174; see generally Young v Young, 212 AD2d 114, 116).
CHAMBERS, J.P., MILLER, BRATHWAITE NELSON and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court