Matter of Murray v Daves (2021 NY Slip Op 04138)





Matter of Murray v Daves


2021 NY Slip Op 04138


Decided on June 30, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 30, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SYLVIA O. HINDS-RADIX
ROBERT J. MILLER
PAUL WOOTEN, JJ.


2020-01529
 (Docket Nos. V-25061-15, O-25358-15, V-28594-15, V-16102-17)

[*1]In the Matter of Rousahn Murray, respondent,
v
Latosha Daves, appellant. (Proceeding Nos. 1, 2)
In the Matter of Latosha Daves, appellant, v Rousahn Murray, respondent. (Proceeding Nos. 3, 4)


Jeffrey C. Bluth, New York, NY, for appellant.
Yasmin Daley Duncan, Brooklyn, NY, for respondent.
Janet Neustaetter, Brooklyn, NY (Louise Feld of counsel), attorney for the child.



DECISION & ORDER
In related proceedings, inter alia, pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Kings County (Judith D. Waksberg, J.), dated January 9, 2019. The order, insofar as appealed from, after a hearing, in effect, granted the father's petition for sole legal and residential custody of the parties' child and denied the mother's petition for a writ of habeas corpus seeking the return of the parties' child to her.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The parties are the parents of the subject child, who was born in June 2007. In 2008, the Superior Court of New Jersey awarded the parties joint legal custody of the child, with residential custody with the mother. Thereafter, the mother relocated to Louisiana, without leave of the court, and took the child with her. In 2015, the mother was arrested in Texas on a charge involving domestic violence with her boyfriend, and the father was advised by Texas authorities that the child had been removed from her care, and that he should come to Texas to pick up the child and bring her back to New York. The father brought the child to New York to reside with himself and his mother. He commenced a custody proceeding and the mother filed, inter alia, a petition for a writ of habeas corpus seeking the return of the child to her. Following a hearing, the Family Court, inter alia, awarded the father sole legal and residential custody of the child, awarded the mother parental access, and denied the mother's petition for a writ of habeas corpus. The mother appeals.
To modify an existing court-ordered custody arrangement, "there must be a showing of a change of circumstances such that modification is required to protect the best interests of the child" (Matter of Zeis v Slater, 57 AD3d 793, 793; see Matter of Ramirez v Francisco, 193 AD3d [*2]852, 853; Matter of McClurkin v Bailey, 78 AD3d 707, 707). In this case, a change of circumstances was established by the fact that the mother relocated with the child to Louisiana without leave of the court, and the child was thereafter removed from her care upon her arrest.
The evidence adduced at the hearing, as well as the child's wishes, indicate that the award of legal and residential custody to the father was in the child's best interests (see Matter of Hutchinson v Johnson, 134 AD3d 1115, 1116). The Family Court did not fail to give proper consideration to the alleged history of domestic violence between the parties (see Matter of Valentin v Valentin, 176 AD3d 1083, 1084). Further, we credit the finding by the court-appointed expert that the father should retain custody (see Matter of Miller v Pipia, 297 AD2d 362, 365). The mother's remaining contentions are without merit.
Accordingly, the Family Court properly granted the father's petition for sole legal and residential custody of the child, and denied the mother's petition for a writ of habeas corpus.
RIVERA, J.P., HINDS-RADIX, MILLER and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court