■ MARIA IQBAL, Also Known as MARIA MAHON, Respondent, v VASEEM IQBAL, Appellant. [625 NYS2d 605] —In a matrimonial action in which the parties were divorced by judgment entered November 20, 1989, the father appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Lerner, J.), entered January 8, 1993, as, after a hearing, awarded the mother physical custody of the parties' son from 4:00 P.M. on Sunday through Thursday nights, and awarded the father physical custody of the parties' son from Friday after school, or at 3:00 P.M. if there is no school scheduled that day, until 4:00 P.M. on Sunday.

Ordered that the order is affirmed insofar as appealed from, with costs.

In a separation agreement, the parties agreed to joint custody of their son. When the child was four years old, the parties stipulated that the child would reside with the father from Sunday at 9:00 A.M. until Wednesday at 6:30 P.M. and that the child would reside with the mother from Wednesday at 6:30 P.M. until Sunday at 9:00 A.M. The parties were divorced on June 20, 1989. When the child was six years old, the mother moved for a modification in custody on the ground that it was not in the best interest of the child to be shuttled between the mother's and the father's residence during the school week. Additionally, the mother argued that she had remarried, was pregnant, had stopped working, and intended to stay at home to raise her children. Thus, she argued, there existed a change in circumstances warranting modification.

At a hearing on the issue, the father's own expert testified that the present custody arrangement was not working and needed to be changed. The Supreme Court determined that it was in the best interest of the child to be in the mother's physical custody during the school week and to be in the father's physical custody from Friday afternoon, so that the father may continue the religious upbringing of the child as a Muslim, until Sunday at 4:00 P.M.

The trial court's determination as to the best interests of the child is entitled to great weight on appeal because it was in the most advantageous position to evaluate the testimony, character, and sincerity of the parties (see, Eschbach v Eschbach, 56 NY2d 167; Klat v Klat, 176 AD2d 922, 923). Thus, the determination should not be disturbed unless it lacks a sound and substantial basis in the record (see, Matter of Guillermo R. v New York City Commr. of Social Servs., 210 AD2d 416 Klat v Klat, supra). The Supreme Court's determi-

nation has a sound and substantial basis in the record and therefore should not be disturbed.

The father's remaining contentions are either unpreserved for appellate review or without merit. Thompson, J. P., Santucci, Joy and Friedmann, JJ., concur.