■ FABRIZIO KHALONA, Also Known as RAY KHALONA, Appellant-Respondent, v NEW YORK CITY TRANSIT AUTHORITY, Respondent-Appellant. [628 NYS2d 306] —In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Vinik, J.), dated September 28, 1993, which, upon a jury verdict on the issue of liability, found the defendant 60% at fault in the happening of the accident and found him 40% at fault in the

happening of the accident, and the defendant cross-appeals from the same judgment.

Ordered that the judgment is affirmed, without costs or disbursements.

The evidence at trial showed that the plaintiff was dragged approximately 1½ subway-car lengths by the defendant's train after his foot became stuck between the closing doors as he attempted to exit the subway car. A fair interpretation of the evidence supports the jury's determination that the defendant was negligent in failing to install a mirror at the particular train station on or before the date of the plaintiff's accident to permit the conductor to see around the curved platform to the portion of the last car where the accident occurred (see, Delgado v Board of Educ., 65 AD2d 547, affd 48 NY2d 643; see also, Frangello v Namm, 157 AD2d 649; cf., Nicastro v Park, 113 AD2d 129, 134). Further, the issue of proximate cause was a question for the jury, and there is no reason to disturb its determination that the defendant's negligence contributed to the accident (see, Nowlin v City of New York, 81 NY2d 81, 89; see also, Rios v Theodore, 213 AD2d 617).

In his brief, the plaintiff argues that the judgment should be affirmed. Thus, he has abandoned his claim that the jury erred when it found that he was 40% at fault in the happening of the accident.

In light of our determination, we do not reach the parties' remaining contentions. Bracken, J. P., Pizzuto, Santucci and Friedmann, JJ., concur.