■ MELISSA CUCCURULLO, Appellant, v JOSEPH CUCCURULLO, JR., Respondent. [801 NYS2d 360]—

In a matrimonial action in which the parties were divorced by judgment dated December 4, 1998, the mother appeals from an order of the Supreme Court, Richmond County (Adams, J.), dated August 19, 2004, which, after a hearing, inter alia, granted that branch of the father's motion which was to modify the

joint custody provisions of the parties' judgment of divorce and settlement agreement and awarded sole custody of the parties' child to the father, and denied that branch of her motion which was to modify the joint custody provisions of the parties' judgment of divorce and settlement agreement and to award her sole custody of the parties' child.

Ordered that the order is affirmed, with costs.

In determining whether a custody agreement should be modified, the paramount issue before the court is whether, under the totality of the circumstances, a modification of custody is in the best interests of the child (*see Teuschler v Teuschler*, 242 AD2d 289, 290 [1997]; *Kuncman v Kuncman*, 188 AD2d 517, 518 [1992]). Courts making such determinations weigh several factors of varying degrees of importance, including, inter alia, (1) the original placement of the child, (2) the length of that placement, (3) the child's desires, (4) the relative fitness of the parents, (5) the quality of the home environment, (6) the parental guidance given to the child, (7) the parent's financial status, and (8) his or her ability to provide for the child's emotional and intellectual development (*see Kuncman v Kuncman, supra*). Moreover, "[o]ne of the primary responsibilities of a custodial parent is to assure meaningful contact between the children and the other parent . . . , and the willingness of a parent to assure such meaningful contact between the children and the other parent is a factor to be considered in making a custody determination" (*Young v Young*, 212 AD2d 114, 122-123 [1995] [internal quotation marks omitted]). Because any custody determination necessarily depends to a great extent upon an assessment of the character and credibility of the parties and witnesses, deference is accorded the court's findings (*see Eschbach v Eschbach*, 56 NY2d 167 [1982]). Its findings "will not be disturbed unless they lack a sound and substantial basis in the record" (*Kuncman v Kuncman, supra* at 518).

Contrary to the mother's contentions, the Supreme Court's determination to modify the parties' joint custody agreement and award sole custody to the father, with whom the child has resided since December 2000 as per the parties' agreement, and not to her, has a sound and substantial basis (*see Barbato v Barbato*, 264 AD2d 792 [1999]; *Alanna M. v Duncan M.*, 204 AD2d 409 [1994]). Krausman, J.P., Luciano, Spolzino and Lifson, JJ., concur.