■ In the Matter of MARY ANN SALAMONE-FINCHUM, Appellant, v MICHAEL W. McDEVITT, Respondent. [816 NYS2d 105]—

In a child custody proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Suffolk County (Lynaugh, J.), entered December 6, 2004, which, after a nonjury trial, modified a prior custody order entered January 13, 2000 to award custody of the parties' two children to the father, with visitation to the mother.

Ordered that the order is affirmed, without costs or disbursements.

The mother commenced this proceeding to transfer custody of the parties' son from the father to her. The father filed a cross petition seeking to transfer custody of the parties' daughter to him. The cross petition alleged that the mother continued to suffer from a mental disorder diagnosed more than 10 years

ago. This disorder, according to the father, made the mother unstable and dangerous to the children. The mother's petition alleged that the father similarly suffered from a mental disorder. The father and the Law Guardian requested that the court order forensic evaluations. The court denied the request. Thereafter, the mother acquiesced in that decision and stated that forensic evaluations were not necessary.

The matter was tried before the Family Court, which awarded custody of both children to the father and visitation to the mother. The court ordered therapy for the daughter to assist in the custody transition. We affirm the order of Family Court.

"The decision whether to direct a psychological or social evaluation in a child custody dispute [to assist the court in addressing this issue] is within the sound discretion of the [Family Court]" (*Matter of Paul C. v Tracy C.*, 209 AD2d 955 [1994]; *see Matter of Nunnery v Nunnery*, 275 AD2d 986, 987 [2000]; Family Ct Act § 251). Under the circumstances of this case, the denial of forensic evaluations was a provident exercise of discretion.

The mother's remaining contentions are without merit. Crane, J.P., Goldstein, Lifson and Dillon, JJ., concur.