■ In the Matter of JAMES JOSEPH M., Respondent, v ROSANA R., Appellant. [821 NYS2d 168]—

Order, Family Court, New York County (Helen C. Sturm, J.), entered on or about January 21, 2005, which awarded custody of the subject child to petitioner father, permitted him to relocate to New Jersey with the child, and permitted respondent mother to have supervised visitation with the child, unanimously affirmed, without costs.

The parties, who never married, resided together from January 1996 until April 2000. The subject child was born in March 1997. In April 2000 the mother left the residence with the child. In December of that year, the father filed a petition seeking joint legal custody and visitation, which was subsequently amended to seek full legal and physical custody. A law guardian was appointed in April 2001 and proceedings continued before a referee through May 2002.

During this period, the mother filed a number of unfounded complaints alleging physical—and on at least one occasion, sexual—abuse of the child by the father. On May 23, 2002, the father petitioned for an order of protection, requesting, inter alia, court-supervised visitation for the mother, and a halt to her frivolous complaints and harassment of him and the child. The court issued a temporary order of protection that day.

A hearing on the order of protection was held in November 2002, with both parties represented by counsel. The court issued a final order of protection for a period of one year, finding that the mother had engaged in a pattern of harassment that subjected the child to numerous and occasionally invasive examinations.

The custody trial was held in February and May 2003. The court found that the child's interests would best be served by awarding sole custody to the father, and granted his application to relocate the child to his home in New Jersey, making him

responsible for her to and from supervised visitation with the mother. This appeal ensued.

It is axiomatic that in considering issues of child custody, a court must determine what is in the best interests of the child, and what will promote the child's welfare and happiness (Domestic Relations Law § 70 [a]; *Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]). The custodial parent must be able to place the child's needs first while fostering a continued relationship between the child and the noncustodial parent (*Lohmiller v Lohmiller*, 140 AD2d 497, 498 [1988]).

"Custody matters are within the sound discretion of the Family Court, and its findings should be accorded great deference on appeal since that court was in the best position to evaluate the testimony, character, and sincerity of the parties" (*Matter of Gilyard v Gilyard*, 266 AD2d 289 [1999]). Its determination should not be disturbed unless it lacks a sound and substantial basis in the record (*Iqbal v Iqbal*, 214 AD2d 702 [1995]).

The Family Court's determination here was amply supported by the record. The mother had engaged in a repeated and escalating pattern of interference in the father's relationship with the child immediately after the parties separated, continuing through the temporary change of custody and supervised visitation. Moreover, she completely disregarded the best interests of the child by her repeated false allegations of abuse at his hands, which subjected this young child to repeated interviews with law enforcement and medical personnel and even included an invasive gynecological examination. Indeed, the record clearly reflects that the child was coached by the mother to confirm these false allegations to governmental and medical personnel. These actions, including her repeated calls to the police both in New York and New Jersey and their questioning of the child as a result of those calls, could only serve to traumatize the child.

The record amply reflects that the father has demonstrated his clear involvement and concern for his child. As the law guardian reported, and as demonstrated by the record at trial, the father is employed and has a stable home in New Jersey with his new spouse, who treats the child well. Moreover, despite the mother's actions, he has consistently attempted to foster a relationship between mother and child.

In short, the record amply supports the Family Court's determination that the father's custody of this child is in her best interests. We note that relocation to New Jersey is appropriate, given the fact that the distance between the residences of the respective parties is not great, the father is responsible for

transportation, and the mother has not raised this issue on appeal. Moreover, supervised visitation for the mother is warranted given her consistent pattern of detrimental behavior.

The mother's contention that Family Court erred in making the custody determination without forensic evaluations is without merit. The record reveals that because of all of the other examinations endured by the child resulting from false allegations of abuse, the parties—including the mother, who was represented by counsel at that time—decided not to have forensic evaluations performed. In any event, the decision whether to obtain forensic evaluations to assist in reaching a custody determination (Family Ct Act § 251) rests within the sound discretion of the trial court (*Matter of Salamone-Finchum v McDevitt*, 28 AD3d 670 [2006]). The mother's behavior was a far greater indicator of her fitness as a parent than a forensic report could ever be. The denial of the forensic evaluation was a provident exercise of the court's discretion.

Likewise, the mother's claim that she was denied her right to counsel is meritless. During the course of these proceedings, she was repeatedly advised of her right to counsel, including assigned counsel. The record demonstrates that she was in fact represented by several different counsel during these proceedings, most of whom she retained and discharged for no apparent reason. She was clearly aware of her right to counsel and specifically requested assigned counsel on one occasion while before the referee. Her decision to proceed pro se was knowing and voluntary, and made after appropriate inquiries by both the referee and the court (*Matter of Anthony K.*, 11 AD3d 748 [2004]). Concur—Tom, J.P., Mazzarelli, Marlow, Nardelli and Sweeny, JJ.