■ In the Matter of KEITH HONEYWELL, Respondent, v JEANETTE HONEYWELL, Appellant. (Proceeding No. 1.) In the Matter of JEANETTE HONEYWELL, Appellant, v KEITH HONEYWELL, Respondent. (Proceeding No. 2.) [835 NYS2d 327]—

In two related child custody proceedings pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Westchester County (Edlitz, J.), dated December 16, 2005, which denied her petition to modify the parties' judg-

ment of divorce to award her sole legal and physical custody of the parties' child, and granted the father's petition to modify the parties' judgment of divorce and award him sole legal and physical custody of the parties' child.

Ordered that the order is affirmed, with costs.

In determining whether a custody agreement that was incorporated into a judgment of divorce should be modified, the paramount issue before the court is whether, under the totality of the circumstances, a modification of custody is in the best interests of the child (*see Cuccurullo v Cuccurullo,* 21 AD3d 983, 984 [2005]; *Teuschler v Teuschler,* 242 AD2d 289, 290 [1997]; *Kuncman v Kuncman,* 188 AD2d 517, 518 [1992]). Moreover, " '[o]ne of the primary responsibilities of a custodial parent is to assure meaningful contact between the children and the other parent' . . . and the willingness of a parent to assure such meaningful contact between the children and the other parent is a factor to be considered in making a custody determination" (*Young v Young,* 212 AD2d 114, 122-123 [1995] [citation omitted]; *see Cuccurullo v Cuccurullo, supra*). Since any custody determination necessarily depends to a great extent upon an assessment of the character and credibility of the parties and witnesses, deference is accorded the court's findings (*see Eschbach v Eschbach,* 56 NY2d 167 [1982]). The court's findings "will not be disturbed unless they lack a sound and substantial basis in the record" (*Kuncman v Kuncman, supra* at 518; *see Cuccurullo v Cuccurullo, supra* at 984).

Contrary to the mother's contentions, the Family Court's determination to modify the parties' custody agreement by awarding sole legal and physical custody to the father has a sound and substantial basis in the record. The mother's repeated and unfounded allegations of sexual abuse against the father constituted conduct so inconsistent with the best interests of the child as to per se raise a strong probability that she is unfit to act as a custodial parent (*see Matter of Perez v Sepulveda,* 21 AD3d 558, 559 [2005]; *Matter of Amanda B. v Anthony B.,* 13 AD3d 1126, 1127 [2004]; *Matter of Turner v Turner,* 260 AD2d 953, 954-955 [1999]; *Matter of Guidice v Burruano,* 255 AD2d 911 [1998]; *Young v Young, supra* at 116).

The mother's remaining contentions are without merit. Miller, J.P., Ritter, Covello and McCarthy, JJ., concur.