■ In the Matter of PENNY B., Appellant, v GARY S., Respondent. [878 NYS2d 307]—

Order, Family Court, New York County (Elizabeth Barnett, Ref.), entered on or about August 31, 2007, which denied petitioner mother's motion for the appointment of an additional forensic evaluator, and order, same court and Referee, entered on or about February 15, 2008, which, inter alia, granted respondent father's petition for custody of the subject child, unanimously affirmed, without costs.

The totality of the circumstances establish that the award of custody to the father was in the best interests of the child and has a sound and substantial basis in the record (see *Eschbach v Eschbach*, 56 NY2d 167 [1982]; *Matter of James Joseph M. v Rosana R.*, 32 AD3d 725 [2006], *lv denied* 7 NY3d 717 [2006]). In making its determination, the court considered the appropriate factors and recognized that the mother would not be willing or able to foster an optimum relationship between the father and his child. Indeed, the record shows that the mother engaged in a repeated pattern of interference in the father's relationship with the child following the parties' separation, and the father was limited to supervised visitation in the early stages of the proceedings due to the mother's unfounded allegations of sexual misconduct by him while he was with the child (see *Matter of Osbourne S. v Regina S.*, 55 AD3d 465 [2008]).

The mother also completely disregarded the best interests of the child by her repeated false allegations of sexual abuse at the father's hands, which subjected this young child to repeated examinations by medical and mental health personnel. Indeed, the evidence shows that the mother's focus on the father's purported sexual desire for the child actually caused harm to the child. She failed to recognize that her reactions to the child's behavior were a factor in the exacerbation of such behavior. Furthermore, the record demonstrates that the father established his clear involvement and concern for his child and that he had been significantly involved with raising the child both preseparation and throughout the proceedings. There was also no evidence that the father would not foster a relationship between the mother and child (see *James Joseph M.*, 32 AD3d at 726).

The court providently exercised its discretion in denying the mother's motion for the appointment of an additional expert in child sexuality (*see Matter of Jessica R.*, 78 NY2d 1031 [1991]; *Matter of Fatima M.*, 16 AD3d 263, 272-273 [2005]). The court was sufficiently informed about the child's behavioral problems and the parties' psychological makeup, and had an extensive amount of medical evidence showing that no sexual abuse had occurred. There was no demonstrated need for the additional appointment, and the court reasonably found that the child had already been subjected to numerous examinations and would be harmed by additional testing.

The court did not improvidently exercise its discretion when it refused to compel the father's therapist to testify or to release his records to the mother (*see People ex rel. Hickox v Hickox*, 64 AD2d 412 [1978]). Indeed, the court acted properly when it conducted an in camera review of the therapist's notes, and then, in order to satisfy the mother's concern about whether the father had been consistently attending therapy sessions, the court permitted her to review the therapist's appointment sheets. Furthermore, the court informed the parties that the therapist had determined that the father did not pose a risk to the child, and it was unnecessary to release the therapist's notes or for him to testify since the court had sufficient information about the father from other sources. Nor did the court err when it denied the mother's request to call the child's therapist as a witness, since it was apparent that the mother only sought to call the therapist in order to advance her own interests. Concur—Mazzarelli, J.P., Andrias, Nardelli, Catterson and DeGrasse, JJ.