In the Matter of ERIK VASQUEZ, Respondent, v AMY ORTIZ, Appellant. [909 NYS2d 155]—

In a child custody proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Suffolk County (Budd, J.), dated October 19, 2009, which, after a hearing, granted the father's petition to modify a prior order of the same court dated May 21, 2008, so as to award the father sole custody of the subject children, with visitation to her.

Ordered that the order is affirmed, without costs or disbursements.

To modify an existing custody or visitation order, there must be a showing that there has been a change in circumstances such that modification is required to protect the best interests of the children (see Matter of Arduino v Ayuso, 70 AD3d 682 [2010]). The best interests of the children are determined by an examination of the totality of the circumstances (see Eschbach v Eschbach, 56 NY2d 167, 172 [1982]). Factors to be considered include, inter alia: (1) the original placement of the children, (2) the length of that placement, (3) the children's desires, (4) the relative fitness of the parents, (5) the quality of the home environment, (6) the parental guidance given to the children, (7) the parents' financial status, and (8) the parents' ability to provide for the children's emotional and intellectual development (see Matter of Jones v Leppert, 75 AD3d 552 [2010]). Moreover, one of the primary responsibilities of a custodial parent is to assure meaningful contact between the children and the noncustodial parent, and the willingness of a parent to assure such meaningful contact between the children and the other parent is a factor to be considered in making a custody determination (see Cuccurullo v Cuccurullo, 21 AD3d 983 [2005]). Since any custody determination necessarily depends to a great extent upon an assessment of the character and credibility of the parties and witnesses, deference is accorded to the hearing court's

findings, which will not be disturbed unless lacking a sound and substantial basis in the record (see Matter of Jones v Leppert, 75 AD3d 552 [2010]).

A sound and substantial basis exists in the record to support the Family Court's determination that a sufficient change of circumstances has occurred such that a change in custody was required to protect the children's best interests. The evidence established that the mother repeatedly violated the May 21, 2008, custody/visitation order, thereby compelling the father to file more than 40 police reports verifying that he was being deprived of visitation with some or all of the children. The evidence also established that the mother was previously found to have wilfully violated that order. The forensic evaluator testified that the mother did not encourage a relationship between the children and the father and that she was unwilling to cooperate and, hence, coparent, with the father. The above evidence established that the mother was interfering with the father's visitation rights and would continue to do so. The mother's acts were so inconsistent with the children's best interests as to raise a strong probability that the mother is unfit to act as the custodial parent (see Matter of Lichtenfeld v Lichtenfeld, 41 AD3d 849 [2007]). Other factors that support the Family Court's determination include the unsuitable state of the mother's household, the failure of the mother to set proper disciplinary boundaries for the children, the mother's questionable judgment as evidenced, inter alia, by her discussing the court proceedings with the children, and the mother's failure to appear in court on several occasions.

Viewing the totality of the circumstances, the Family Court's determination was not an improvident exercise of discretion. Accordingly, the Family Court's determination will not be disturbed. Mastro, J.P., Covello, Dickerson and Roman, JJ., concur.