In the Matter of SHANIKA M., Respondent, v STEPHANIE G., Respondent, et al., Respondent. JADA G., Nonparty Appellant. (Proceeding Nos. 1 and 2.) In the Matter of STEPHANIE G., Respondent, v ALLISON G., Respondent, and SHANIKA M., Respondent. JADA G., Nonparty Appellant. (Proceeding Nos. 3 and 4.) [968 NYS2d 894]—

In a child custody proceeding and related guardianship proceedings pursuant to Family Court Act article 6, Shanika M. appeals, as limited by her brief, from so much of an order of the Family Court, Kings County (Krauss, J.), dated March 1, 2012, as, after a hearing, denied her petition for guardianship of the subject child, granted the guardianship petition of Stephanie G., and awarded sole guardianship of the subject child to Stephanie G.

Ordered that the order is reversed insofar as appealed from, on the law and the facts, without costs or disbursements, and the matter is remitted to the Family Court, Kings County, for complete forensic evaluations of Stephanie G., Shanika M., and the subject child, for a reopened hearing on the issue of guardianship in accordance herewith, and thereafter for a new determination of the guardianship petitions; pending such new determination, the child shall remain with Stephanie G. and the Family Court shall establish a visitation schedule for Shanika M.

Shanika M. and Stephanie G. were in a domestic partnership. In March 2003, the parties traveled to Grenada, where Stephanie's family lived. While there, they met one-month-old Jada, the subject child, who is the daughter of Stephanie's sister, Allison G. With Allison's consent, the parties agreed to bring Jada to the United States with the intention of formally adopting Jada. One month later, Stephanie brought Jada to New York, and Jada lived with the parties until she was two years old, when the parties separated. The adoption was never formalized, although Jada continued to live with Stephanie.

Stephanie and Shanika then entered into a voluntary visitation arrangement that they adhered to for several years and which was modified by the parties at various times. Following an altercation in August 2008, Stephanie refused to allow Shanika to have any further contact with Jada. In December 2008, Shanika filed a custody petition. During the pendency of the custody matter, Shanika and Stephanie each filed a petition to be appointed as Jada's legal guardian. The Family Court conducted a hearing on the petitions. Despite a request by the attorney for the child that forensic evaluations be performed, no such evaluations were conducted. After the hearing, the Family Court denied Shanika's custody and guardianship petitions and granted Stephanie's guardianship petition, appointing Stephanie as Jada's sole guardian.

The Family Court erred in deciding the issue of guardianship without the aid of forensic evaluations of Stephanie, Shanika, and Jada. Although forensic evaluations are not always necessary, such evaluations may be appropriate where there exist sharp factual disputes that affect the final determination (*see Matter of Rovenia G.M. v Lesley P.A.*, 44 AD3d 942, 943-944 [2007]; *see also Ekstra v Ekstra*, 49 AD3d 594, 595 [2008]; *Stern v Stern*, 225 AD2d 540, 541 [1996]). Under the circumstances of this case, the record is inadequate to determine the best interests of the child, particularly as there was no expert assessment of the psychological impact of separating Jada from

Shanika. In addition, given Stephanie's allegations of alcohol abuse by Shanika, and Shanika's allegations of alienation by Stephanie and Stephanie's current partner, forensic evaluations of Stephanie, Shanika, and Jada are proper to aid in the resolution of these factual issues.

Accordingly, we remit this matter to the Family Court, Kings County, for complete forensic evaluations of Shanika, Stephanie, and Jada, for a reopened hearing on the issue of guardianship at which any forensic evaluation report shall be admitted and the parties shall have the opportunity to cross-examine the evaluator should they so desire, and thereafter, for a new determination of the guardianship petitions based on the forensic evaluations, any testimony regarding such evaluations, and the evidence already adduced at the hearing on this matter. While the matter is pending for the evaluation and new determination, the child shall remain with Stephanie and the Family Court shall establish a visitation schedule for Shanika. Mastro, J.P., Hall, Lott and Sgroi, JJ., concur.