In a child custody proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Nassau County (Bennett, J.), dated August 17, 2012, which, after a hearing, granted the father’s petition to modify a prior order of custody and visitation of the same court dated November 5, 2008, made on consent of the parties, so as to award him sole legal and physical custody of the subject child.
Ordered that the order is affirmed, with costs.
To modify an existing custody arrangement, there must be a showing of a change in circumstances such that modification is required to protect the best interests of the child (see Matter of O’Loughlin v Sweetland, 98 AD3d 983 [2012]; Matter of Sparacio v Fitzgerald, 73 AD3d 790 [2010]; Matter of Russell v Russell, 72 AD3d 973, 974 [2010]). Moreover, “one of the primary responsibilities of a custodial parent is to assure meaningful contact between the children and the noncustodial parent, and the willingness of a parent to assure such meaningful contact between the children and the other parent is a factor to *774 be considered in making a custody determination” (Matter of Vasquez v Ortiz, 77 AD3d 962, 962 [2010]; see Cuccurullo v Cuccurullo, 21 AD3d 983, 984 [2005]). The credibility findings of the Family Court will be accorded great weight and its determinations regarding custody will not be disturbed unless they lack a sound and substantial basis in the record (see Matter of Felty v Felty, 108 AD3d 705, 707 [2013]; Matter of Haimovici v Haimovici, 73 AD3d 1058 [2010]).
Contrary to the mother’s contentions, the Family Court’s determination to modify the parties’ custody agreement by awarding sole legal and physical custody to the father has a sound and substantial basis in the record. The mother’s repeated and unfounded allegations of sexual abuse against the father constituted “conduct so inconsistent with the best interests of the child as to per se raise a strong probability that she is unfit to act as a custodial parent” (Matter of Honeywell v Honeywell, 39 AD3d 857, 858 [2007]; see Matter of Penny B. v Gary S., 61 AD3d 589, 590 [2009]; Matter of Chase v Chase, 34 AD3d 1077, 1080 [2006]).
The mother’s remaining contentions are without merit. Rivera, J.E, Dickerson, Leventhal and Hall, JJ., concur.