■ In the Matter of DIAHANNA KEYES, Appellant, v KAYLE WATSON, Respondent. [21 NYS3d 263]—

Appeal from an order of the Family Court, Westchester County (David Klein, J.), dated December 26, 2014. The order, insofar as appealed from, after a hearing, inter alia, denied the mother's petition to modify a prior order of custody dated December 20, 2007, so as to award her sole legal and physical custody of the parties' children and granted the father's cross petition to modify the prior order of custody so as to award him sole legal and physical custody.

Ordered that the order dated December 26, 2014, is affirmed insofar as appealed from, with costs.

"In adjudicating custody and visitation rights, the most important factor to be considered is the best interests of the child" (*Matter of Jules v Corriette*, 76 AD3d 1016, 1017 [2010]; *see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]; *Matter of McQueen v Legette*, 125 AD3d 863 [2015]; *Matter of McKoy v Vatter*, 106 AD3d 1090 [2013]; *Matter of Roldan v Nieves*, 76 AD3d 634 [2010]). "[O]ne of the primary responsibilities of a custodial parent is to assure meaningful contact between the children and the noncustodial parent, and the willingness of a parent to assure such meaningful contact between the children and the other parent is a factor to be considered in making a custody determination" (*Matter of Vasquez v Ortiz*, 77 AD3d 962, 962 [2010]; *see Matter of Dezil v Garlick*, 114 AD3d 773, 773-774 [2014]; *Matter of Khan-Soleil v Rashad*, 111 AD3d 728, 729 [2013]; *Matter of Honeywell v Honeywell*, 39 AD3d 857, 858 [2007]). "As custody determinations turn in large part on assessments of the credibility, character, temperament, and sincerity of the parties, the Family Court's determination should not be disturbed unless it lacks a sound and substantial basis in the record" (*Matter of Tori v Tori*, 103 AD3d 654, 655 [2013]; *see Eschbach v Eschbach*, 56 NY2d at 173; *Matter of Stones v Vandenberge*, 127 AD3d 1213, 1215 [2015]; *Matter of McFarlane v Newton*, 127 AD3d 1199, 1200 [2015]; *Matter of McKoy v Vatter*, 106 AD3d at 1090).

Here, the primary issue with respect to the children's best interests was which parent was better able to avoid conflict between the parties and foster the children's relationship with the noncustodial parent. Contrary to the mother's contention, this question did not present " 'sharp factual disputes' " upon which the report of a court-appointed forensic examiner could have shed light (*Matter of Brown v Simon*, 123 AD3d 1120, 1122 [2014], quoting *Matter of Shanika M. v Stephanie G.*, 108 AD3d 717, 718 [2013]). Accordingly, the Family Court providently exercised its discretion in denying the mother's request for the appointment of a forensic evaluator to produce an updated report in this case (*see Matter of Linn v Wilson*, 68 AD3d 1767, 1767-1768 [2009]; *Matter of Armstrong v Heilker*, 47 AD3d 1104, 1105 [2008]; *Matter of Sassower-Berlin v Berlin*, 31 AD3d 771, 772 [2006]; *Matter of Salamone-Finchum v McDevitt*, 28 AD3d 670, 671 [2006]). Furthermore, the evidence presented at the hearing supported the court's conclusion that the father was willing and able to "assure meaningful contact between the children and the noncustodial parent" and that the mother was not willing to do so (*Matter of Vasquez v Ortiz*, 77 AD3d at 962; *see Matter of Dezil v Garlick*, 114 AD3d at 773-774; *Matter of Khan-Soleil v Rashad*, 111 AD3d at 729;

*Matter of Honeywell v Honeywell*, 39 AD3d at 858). Accordingly, the court's determination that the children's interests would be best served by awarding the father sole custody, while maintaining liberal parenting time for the mother, had a sound and substantial basis in the record.

By failing to contest it in her main brief on the appeal, the mother has abandoned her challenge to the Family Court's award of attorneys' fees to the father, despite her attempt to raise the issue in her reply brief (*see Shaw v Bluepers Family Billiards*, 94 AD3d 858, 860 [2012]; *Kane v Triborough Bridge & Tunnel Auth.*, 8 AD3d 239, 242 [2004]; *Kahlona v New York City Tr. Auth.*, 215 AD2d 630, 631 [1995]).

The mother's remaining contention is without merit (*see* Family Ct Act § 652 [b]). Rivera, J.P., Dillon, Chambers and LaSalle, JJ., concur.