Matter of Cretella v Stephens (2018 NY Slip Op 02613)





Matter of Cretella v Stephens


2018 NY Slip Op 02613


Decided on April 18, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 18, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
JOSEPH J. MALTESE
BETSY BARROS, JJ.


2016-11388
 (Docket Nos. V-15466-14, V-15709-14)

[*1]In the Matter of Louis Cretella, respondent, 
v
Lani Stephens, appellant. (Proceeding No. 1)
In the Matter of Lani Stephens, appellant,
v
Louis Cretella, respondent. (Proceeding No. 2)


Daniel P. Moskowitz, Jamaica, NY, for appellant.
Aiello & Cannick, Maspeth, NY (Jennifer Arditi of counsel), for respondent.
Anthony Augustus, Jamaica, NY, attorney for the child.



DECISION & ORDER
In related child custody proceedings pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Queens County (Marybeth S. Richroath, J.), dated October 19, 2016. The order, insofar as appealed from, after a fact-finding hearing, awarded the mother and the father joint legal custody of the parties' child with residential custody to the father.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The parties, who were never married, are the parents of a daughter born in 2012. In 2014, the parties separated and the father filed a petition seeking custody of the child. Thereafter, the mother petitioned for custody. After a fact-finding hearing, the Family Court awarded the parties joint legal custody of the child with residential custody to the father. The mother appeals.
The paramount consideration in any custody dispute is the best interests of the child (see Eschbach v Eschbach, 56 NY2d 167, 171). In determining an initial petition for child custody, the court must consider, among other things, which alternative will best promote stability for the child; the home environment with each parent; each parent's past performance, relative fitness, and ability to guide and provide for the child's overall well-being; and the willingness of each parent to foster a relationship with the other parent (see Matter of Estrada v Palacious, 148 AD3d 804). Since custody determinations depend to a great extent upon an assessment of the character and credibility of the parties and witnesses, deference is accorded to the trial court's credibility findings, and such findings will not be disturbed unless they lack a sound and substantial basis in the record (see Matter of Gooler v Gooler, 107 AD3d 712, 712).
The Family Court's determination has a sound and substantial basis in the record. The mother engaged in a repeated pattern of interference in the father's relationship with the child. The mother completely disregarded the best interests of the child by falsely accusing the father of abusing the child (see Mohen v Mohen, 53 AD3d 471, 474). As a result of these accusations, the child was subjected to more than one medical examination to determine whether she had been abused. The Administration for Children's Services determined that the allegations of abuse were unfounded. Moreover, there is sufficient evidence from which to conclude that the father was willing and able to foster a positive relationship between the child and the mother, and that the mother was not willing to do so for the father (see Matter of Keyes v Watson, 133 AD3d 757, 758-759). Accordingly, the court's determination will not be disturbed (see Matter of Fargasch v Alves, 116 AD3d 774, 776).
DILLON, J.P., CHAMBERS, MALTESE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court