Matter of Wright v Perry (2019 NY Slip Op 01218)





Matter of Wright v Perry


2019 NY Slip Op 01218


Decided on February 20, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2017-08416
2017-11297
 (Docket Nos. V-12677-13/16F, V-12678-13/16F)

[*1]In the Matter of Olivier Wright, respondent,
v
Kashauna Perry, appellant.


Richard L. Herzfeld, New York, NY, for appellant.
Law Office of Emilee Gayle Wyner, Esq., P.C., Richmond Hill, NY, for respondent.
Joseph H. Nivin, Forest Hills, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the mother appeals from (1) an order of the Family Court, Queens County (John M. Hunt, J.), dated August 17, 2017, and (2) an order of the same court dated September 20, 2017. The order dated August 17, 2017, insofar as appealed from, after a hearing, granted the father's petition to modify a prior order of custody and parental access of the same court (Marybeth S. Richroath, J.) dated June 9, 2016, so as to award him primary physical and legal custody of the parties' child, set forth a temporary parental access schedule for the mother, and enjoined the mother from filing any further petitions without prior court approval. The order dated September 20, 2017, insofar as appealed from, granted the father's petition to modify the prior order of custody and parental access dated June 9, 2016, so as to award him primary physical and legal custody of the parties' child, set forth a final parental access schedule for the mother, and enjoined the mother from filing any further petitions without prior court approval.
ORDERED that the appeal from the order dated August 17, 2017, is dismissed, without costs or disbursements, as that order was superseded by the order dated September 20, 2017; and it is further,
ORDERED that the order dated September 20, 2017, is modified, on the facts and in the exercise of discretion, by deleting the provision thereof enjoining the mother from filing any further petitions without prior court approval; as so modified, the order dated September 20, 2017, is affirmed insofar as appealed from, without costs or disbursements, and so much of the order dated August 17, 2017, as enjoined the mother from filing any further petitions without prior court approval is vacated.
The parties, who were never married, have one child together, born in 2008. In 2013, the father petitioned the Family Court for primary physical custody of the child or, in the alternative, parental access. The father's petitions were resolved in an order of custody and parental access dated June 9, 2016, which, after a hearing, awarded residential and legal custody of the child to the mother and parental access to the father.
Approximately one year later, the father petitioned to modify the order dated June 9, 2016, so as to award him primary physical and legal custody of the child, alleging that the mother was interfering with his parental access and his relationship with the child. After a hearing, the Family Court granted the father's petition, awarded primary physical and legal custody of the child to the father, and awarded parental access to the mother. The court also enjoined the parties from filing any further petitions without prior court approval. The mother appeals.
"To modify an existing custody arrangement, there must be a showing of a change in circumstances such that modification is required to protect the best interests of the child" (Matter of Dezil v Garlick, 114 AD3d 773, 773; see Matter of Mack v Kass, 115 AD3d 748, 748-749). The best interests of the child must be determined by a review of the totality of the circumstances (see Eschbach v Eschbach, 56 NY2d 167, 173-174). Further, "one of the primary responsibilities of a custodial parent is to assure meaningful contact between the children and the noncustodial parent, and the willingness of a parent to assure such meaningful contact between the children and the other parent is a factor to be considered in making a custody determination" (Matter of Vasquez v Ortiz, 77 AD3d 962, 962; see Matter of Dezil v Garlick, 114 AD3d at 773). "[T]here [is] no prima facie right to the custody of the child in either parent" (Domestic Relations Law § 240[1][a]; see Friederwitzer v Friederwitzer, 55 NY2d 89, 93; Matter of Gottfried v Gottfried, 163 AD3d 966, 966). Since any custody determination necessarily depends to a great extent upon an assessment of the character and credibility of the parties and witnesses, deference is accorded to the hearing court's findings in this regard, and its findings will not be disturbed unless lacking a sound and substantial basis in the record (see Matter of Dedrick v Cussano, 167 AD3d 876, 876-877; Cuccurullo v Cuccurullo, 21 AD3d 983, 984).
Here, the father established that there had been a change in circumstances since the issuance of the prior order of custody and parental access dated June 9, 2016 (see Matter of Dedrick v Cussano, 167 AD3d at 877; see e.g. Matter of Peralta v Irrizary, 76 AD3d 561, 562). Moreover, the Family Court properly considered the totality of the circumstances, including the prior custody proceedings, and its determination modifying the prior order so as to award primary physical and legal custody of the child to the father had a sound and substantial basis in the record and will not be disturbed (see Matter of Dedrick v Cussano, 167 AD3d at 877; Matter of Hixenbaugh v Hixenbaugh, 111 AD3d 636, 637).
The mother contends that the Family Court erred by failing to conduct an in camera interview of the child. "The decision to conduct an in camera interview to determine the best interests of the child in a custody dispute is within the discretion of the trial court" (Jean v Jean, 59 AD3d 599, 600). The mother's objection is without merit as she did not ask for the child to be interviewed in camera. Thus, the court did not improvidently exercise its discretion in failing to act sua sponte to conduct an in camera interview of the child, particularly since the child's views were presented by the attorney for the child and the court had the transcript of an earlier in camera interview with the child (see Matter of Arroyo v Agosta, 112 AD3d 920, 921).
The mother's contention that she was deprived of a fair hearing due to the Family Court's excessive examination of her is unpreserved for appellate review (see Matter of Jacqulin M., 83 AD3d 844, 845). In any event, while we agree with the mother that the court's intervention here was inappropriate, we also conclude that the court's conduct was not so excessive or extreme as to deprive her of a fair hearing (see Matter of C.H. v F.M., 130 AD3d 1028, 1029). However, we nevertheless take this opportunity to remind the court that it must strictly avoid taking on "either the function or appearance of an advocate at trial" (Matter of Jacqulin M., 83 AD3d at 845 [internal quotation marks omitted]; see Matter of C.H. v F.M., 130 AD3d at 1029).
Finally, the Family Court improvidently exercised its discretion in enjoining the mother from filing further petitions without prior court approval. While public policy generally mandates free access to the courts (see Board of Educ. of Farmingdale Union Free School Dist. v Farmingdale Classroom Teachers Assn., Local 1889, AFT AFL-CIO, 38 NY2d 397, 404), "a party may forfeit that right if he or she abuses the judicial process by engaging in meritless litigation [*2]motivated by spite or ill will" (Matter of Wieser v Wieser, 83 AD3d 950, 950). Here, under the circumstances presented, the record did not demonstrate that the mother had abused the judicial process (see Matter of Price v Jenkins, 99 AD3d 915).
The mother's remaining contentions concerning certain of the Family Court's evidentiary rulings are without merit.
RIVERA, J.P., AUSTIN, DUFFY and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court