Matter of Jose C. (Janet V.--Kristina M.) (2019 NY Slip Op 03271)





Matter of Jose C. (Janet V.--Kristina M.)


2019 NY Slip Op 03271


Decided on April 30, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 30, 2019

Friedman, J.P., Gische, Webber, Kahn, Oing, JJ.


9111

[*1]In re Jose C., Petitioner-Respondent, Janet V., Respondent-Appellant, Kristina M., Respondent-Respondent.


Law Office of Cabelly & Calderon, Jamaica (Lewis S. Calderon of counsel), for appellant.
John R. Eyerman, New York, for Jose C., respondent.
Diaz & Moskowitz, PLLC, New York (Hani M. Moskowitz of counsel), for Kristina M., respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Patricia Colella of counsel), attorney for the child.



Order, Family Court, New York County (Ta-Tanisha D. James, J.), entered on or about December 7, 2017, which, after a hearing, awarded petitioner father sole physical and legal custody of the subject child, unanimously affirmed, without costs.
In a custody proceeding between a parent and a nonparent, the parent has the superior right to custody that cannot be denied unless the nonparent establishes that the parent has relinquished that right due to surrender, abandonment, persistent neglect, unfitness, or other like extraordinary circumstances (see Matter of Bennett v Jeffreys, 40 NY2d 543, 548 [1976]). The burden is on the nonparent to prove the existence of extraordinary circumstances (see Matter of Darlene T., 28 NY2d 391, 394 [1971]). A grandparent of a minor child may demonstrate extraordinary circumstances where there was a prolonged separation of the parent and child for at least 24 continuous months during which the parent voluntarily relinquished care and control of the child and the child resided in the grandparent's household. The court may find extraordinary circumstances exist even where the prolonged separation lasts for less than 24 months (Domestic Relations Law § 72 [2][a], [b]).
The court properly found that the grandmother failed to demonstrate the requisite extraordinary circumstances. Although the child continuously lived with her for approximately three years, she failed to demonstrate that the father voluntarily relinquished control of the child. Indeed, a large portion of the separation between the father and the child occurred during the father's formal attempts to obtain custody, which does not rise to the level of extraordinary circumstances (Matter of Male Infant L., 61 NY2d 420, 429 [1984]; Matter of Landaverde, 95 AD2d 29, 31-32 [1st Dept 1983], affd 61 NY2d 420 [1984]).
In any event, the totality of the circumstances demonstrated that the award of custody to the father was in the best interests of the child. There was no evidence that the father could not properly care for the child. Moreover, despite the grandmother's frustration of his visitation, he was willing to foster a relationship between the grandmother, the mother and the child (Matter of James Joseph M. v Rosana R., 32 AD3d 725, 726 [1st Dept 2006], lv denied 7 NY3d 717 [2006]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 30, 2019
CLERK