Matter of Ahmad v Rani (2020 NY Slip Op 03657)





Matter of Ahmad v Rani


2020 NY Slip Op 03657


Decided on July 1, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 1, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JEFFREY A. COHEN
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2019-09601
2019-09602
 (Docket Nos. V-25444-17, V-03305-18)

[*1]In the Matter of Awais Ahmad, respondent,
v
Salma Rani, appellant.


Allan D. Shafter, Port Washington, NY, for appellant.
Joshua R. Katz, Kew Gardens, NY, for respondent.
Peter Wilner, Jamaica, NY, attorney for the child.



DECISION & ORDER
In related custody proceedings pursuant to Family Court Act article 6, the mother appeals from (1) a decision of the Family Court, Queens County (Lauren Norton-Lerner, Ct. Atty. Ref.), dated August 7, 2019, and (2) an order of the same court, also dated August 7, 2019. The order, after a hearing, granted the father's petition, awarded him sole legal and residential custody of the parties' child, and set forth a schedule of parental access for the mother.
ORDERED that the appeal from the decision is dismissed, without costs or disbursements, as no appeal lies from a decision (see Schicchi v J.A. Green Constr. Corp., 100 AD2d 509); and it is further,
ORDERED that the order is affirmed, without costs or disbursements.
The parties are the parents of a son born in November 2016. After an episode of marital discord, the mother left the marital residence with the child. The father subsequently commenced a proceeding to obtain sole custody of the child, and the mother thereafter cross-petitioned for sole custody. Following a lengthy hearing, the Family Court issued an order granting the father's petition, awarding him sole legal and residential custody of the child, and setting forth a schedule of parental access for the mother. The mother appeals.
The paramount consideration in any custody dispute is the best interests of the child (see Eschbach v Eschbach, 56 NY2d 167, 171). The determination of best interests is reached through consideration of the totality of the circumstances, including such factors as (1) the promotion of stability for the child, (2) the respective home environments offered by the parents, (3) each party's past performance as a parent, and (4) the relative fitness of each parent and their ability to provide for the child's guidance and well-being and to foster the child's relationship with the other parent (see Matter of Estrada v Palacios, 148 AD3d 804). "Since custody determinations depend to a great extent upon an assessment of the character and credibility of the parties and witnesses, deference is accorded to the trial court's findings, and such findings will not be disturbed unless they lack a sound and substantial basis in the record" (Matter of Gooler v Gooler, 107 AD3d 712, 712; [*2]see Matter of Scott v Thompson, 166 AD3d 627, 628).
Here, the evidence demonstrated that the father was a fit and loving parent who could provide appropriately for the child, and that the mother had engaged in a pattern of interference in the father's relationship with the child. Moreover, there was sufficient evidence from which to conclude that the father was willing and able to foster a positive relationship between the child and the mother, and that the mother was not similarly willing to promote a positive relationship between the child and the father (see Matter of Keyes v Watson, 133 AD3d 757, 758-759). Accordingly, we agree with the Family Court's determination awarding sole legal and residential custody of the child to the father, as that determination had a sound and substantial basis in the record.
The mother's remaining contentions are without merit.
MASTRO, J.P., COHEN, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court