Matter of Stacey-Ann H.J. v Ian J. (2021 NY Slip Op 00086)





Matter of Stacey-Ann H.J. v Ian J.


2021 NY Slip Op 00086


Decided on January 07, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 07, 2021

Before: Manzanet-Daniels, J.P., Kapnick, Moulton, González, Scarpulla, JJ. 


Docket No. V-3237-9/18 V-5853-5/18 Appeal No. 12796 Case No. 2020-00605 

[*1]In the Matter of Stacey-Ann H.J., Petitioner-Respondent,
v
Ian J., Respondent-Appellant.


John R. Eyerman, New York, for appellant.
Carol L. Kahn, New York, for respondent.
Janet Neustaetter, The Children's Law Center, Brooklyn (Eva D. Stein of counsel), attorney for the children.



Appeal from order, Family Court, Bronx County (Jennifer S. Burtt, Referee), entered on or about December 11, 2019, deemed appeal from final order, same court and Referee, entered on or about December 16, 2019 (CPLR 5520[c]), which, inter alia, awarded petitioner mother sole legal and physical custody of the parties' two younger children, and, so considered, said final order unanimously affirmed, without costs.
The award of sole legal and physical custody of the subject children to petitioner has a sound and substantial basis in the record, which shows that the evidence of the children's best interests weighs in petitioner's favor (see Eschbach v Eschbach, 56 NY2d 167, 172-173 [1982]; Melissa C.D. v Rene I.D., 117 AD3d 407 [1st Dept 2014]). The children have resided since their birth with petitioner, who has been their primary caretaker and source of financial support. Moreover, notwithstanding respondent's acts of domestic violence against her, petitioner has fostered a relationship between respondent and the children (see Matter of Vasquez v Ortiz, 77 AD3d 962 [2d Dept 2010]). By contrast, respondent's words and actions belie his claim that he would encourage a relationship between petitioner and the children. The court properly considered respondent's acts of domestic violence against petitioner in the children's presence (see Domestic Relations Law § 240[1][a]; Matter of Julie v Wills, 73 AD3d 777 [2d Dept 2010]). In addition, it is the children's preference to remain with petitioner (see Melissa C.D., 117 AD3d at 408).
We have considered respondent's remaining arguments and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 7, 2021