Matter of Robert S. v Norma C. (2023 NY Slip Op 05210)

Matter of Robert S. v Norma C.

2023 NY Slip Op 05210

Decided on October 12, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 12, 2023

Before: Kapnick, J.P., Oing, Moulton, Higgitt, JJ. 

 Docket Nos. V-06262/19, V-13581/19 Appeal No. 785 Case No. 2022-04388 

[*1]In the Matter of Robert S., Petitioner-Appellant-Respondent,
v
Norma C., Respondent-Respondent-Appellant. 

Bryan Greenberg, New York, for appellant-respondent.
Bronx Legal Services, Bronx (Elsa Cruz Pearson of counsel), for respondent-appellant.
Janet Neustaetter, The Children's Law Center, Brooklyn (Leah Edmunds of counsel), attorney for the child.

Order, Family Court, Bronx County (E. Grace Park. J.), entered on or about September 9, 2022, which, after a hearing, granted respondent mother sole physical and legal custody of the subject child with therapeutic supervised visits to the father, and granted petitioner father independent access to all school, medical, and extracurricular activity reports from the child's providers, unanimously modified, on the facts and in the exercise of discretion, to the extent of deleting the provision of the order granting the father independent access to all school, medical, and extracurricular activity reports from the child's providers, and otherwise affirmed, without costs.
Family Court providently exercised its discretion in suspending the forensic evaluation because it had ample information upon which to reach a decision after a full fact-finding hearing (see Penny B. v Gary S., 61 AD3d 589, 591 [1st Dept 2009], lv denied 13 NY3d 705 [2009]). The court conducted a trial spanning 14 dates, with both parties testifying and being subjected to cross-examination. The father also called two additional witnesses. Furthermore, the court conducted an in-camera interview with the child and admitted into evidence the child's medical records, mental health records, and reports regarding court-ordered supervised visits. This case therefore does not present "sharp factual disputes" where a forensic report could be instrumental in determining the child's best interests (see Matter of Keys v Watson, 133 AD3d 757, 758 [2d Dept 2015], lv denied 26 NY3d 919 [2016]).
However, the courts have the power to limit a parent's independent access to a child's medical, academic, and extracurricular records if it would contravene the child's best interests (see Matter of Gonzalez v Hunter, 137 AD3d 1339, 1342 [3d Dept 2016], lv dismissed in part and denied in part 54 NY3d 1165 [2016]; Matter of Sassower-Berlin v Berlin, 58 AD3d 635, 636-637 [2d Dept 2009]; Matter of Flamio v Flower, 46 AD3d 1265, 1265 [3d Dept 2007]). Under the facts of this case, it is not in the child's best interests for his father to have independent access to his records, as the father has had only a limited and sporadic relationship with the child, who adamantly opposes the father's access to the records. In addition, a limitation on the father's access to the
child's records would not deprive him of meaningful access to the child, as he was awarded supervised therapeutic visits (see Matter of Arcenia K. v Lamiek C., 144 AD3d 610 [1st Dept 2016]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 12, 2023