Sandiaes v Sandiaes (2025 NY Slip Op 03833)

Sandiaes v Sandiaes

2025 NY Slip Op 03833

Decided on June 25, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
ROBERT J. MILLER
LILLIAN WAN
CARL J. LANDICINO, JJ.

2024-08515
 (Index No. 63775/22)

[*1]Rui Sandiaes, respondent,
v
Cynthia Sandiaes, appellant.

Dow Divorce Law, PLLC, Staten Island, NY (Adelola Sheralynn Dow of counsel), for appellant.
Guttridge & Cambareri, P.C. (John C. Guttridge and Buonamici & Laraus, LLP, White Plains, NY [A. Albert Buonamici], of counsel), for respondent.
Kathleen M. Hannon, Scarsdale, NY, attorney for the children.

DECISION & ORDER
In an action for a divorce and ancillary relief, the defendant appeals from an order of the Supreme Court, Westchester County (Rolf M. Thorsen, J.), dated July 25, 2024. The order, insofar as appealed from, denied the defendant's motion to appoint a new attorney for the parties' two eldest children and for a neutral or independent forensic evaluation.
ORDERED that the order is reversed insofar as appealed from, on the law and in the exercise of discretion, with costs, the defendant's motion to appoint a new attorney for the parties' two eldest children and for a neutral or independent forensic evaluation is granted, and the matter is remitted to the Supreme Court, Westchester County, to appoint a new attorney for the parties' two eldest children and for a neutral forensic evaluation.
The parties were married in 2010 and have three children. The eldest child is autistic, is nonverbal, and has a seizure disorder. The plaintiff commenced this action for a divorce and ancillary relief in August 2022. In January 2024, the parties entered into a stipulation whereby they agreed to share joint legal custody of the children. Prior to trial on the remaining issues, including physical custody and parental access, the defendant moved (1) to appoint a new attorney for the parties' two eldest children, contending that the appointed attorney for the children was not advocating their positions zealously and was providing inadequate representation, and (2) for a neutral or independent forensic evaluation. The plaintiff and the attorney for the children opposed the motion. In an order dated July 25, 2024, the Supreme Court, inter alia, denied the motion. The defendant appeals.
In assessing questions of child custody, courts must "make every effort to determine what is for the best interest of the child, and what will best promote [the child's] welfare and happiness" (Eschbach v Eschbach, 56 NY2d 167, 171 [internal quotation marks omitted]; see S.L. v J.R., 27 NY3d 558, 562). Thus, in all custody disputes between parents, "the first concern of the court is and must be the welfare and the interests of the children" (Matter of Lincoln v Lincoln, 24 NY2d 270, 272; see S.L. v J.R., 27 NY3d at 563).
Pursuant to 22 NYCRR 7.2, the attorney for the child must zealously advocate the child's position (see id. § 7.2[d]). "In ascertaining the child's position, the attorney for the child must consult with and advise the child to the extent of and in a manner consistent with the child's capacities, and have a thorough knowledge of the child's circumstances" (id. § 7.2[d][1]; see Matter of Michael A. v Chanice T., 232 AD3d 594, 595). "If the child is capable of knowing, voluntary and considered judgment, the attorney for the child should be directed by the wishes of the child . . . . The attorney should explain fully the options available to the child, and may recommend to the child a course of action that in the attorney's view would best promote the child's interests" (22 NYCRR 7.2[d][2]). An attorney for the child may substitute his or her judgment only when he or she is "convinced either that the child lacks the capacity for knowing, voluntary and considered judgment, or that following the child's wishes is likely to result in a substantial risk of imminent, serious harm to the child" (id. § 7.2[d][3]; see Matter of Michael A. v Chanice T., 232 AD3d at 595). In such circumstance, "the attorney for the child must inform the court of the child's articulated wishes if the child wants the attorney to do so, notwithstanding the attorney's position" (22 NYCRR 7.2[d][3]). "An [attorney for the child] should not have a particular position or decision in mind at the outset of the case before the gathering of evidence . . . . After an appropriate inquiry, it is entirely appropriate, indeed expected, that a[n attorney for the child] form an opinion about what action, if any, would be in a child's best interest" (Cervera v Bressler, 50 AD3d 837, 840-841 [internal quotation marks omitted]; see Matter of Brown v Simon, 123 AD3d 1120, 1123).
Here, the defendant demonstrated that the attorney for the children failed to adequately ascertain the eldest child's position to the extent of and in a manner consistent with the child's capacities and failed to have a thorough knowledge of the child's circumstances when the attorney for the children took the position that physical custody should be split equally between the plaintiff and the defendant (see 22 NYCRR 7.2[d][1]; Matter of Brown v Simon, 123 AD3d at 1123; see also Matter of Kleinbach v Cullerton, 151 AD3d 1686, 1688-1689). Moreover, the attorney for the children improperly failed to inquire as to whether there was a conflict of interest in the representation of both the middle child and the eldest child when taking the position that physical custody should be split equally (see Rules of Prof Conduct [22 NYCRR 1200.0] rule 1.7[a][1]). Accordingly, the Supreme Court should have granted that branch of the defendant's motion which was to appoint a new attorney for the two eldest children.
The Supreme Court also should have granted that branch of the defendant's motion which was for a neutral or independent forensic evaluation. In any action for a divorce, the court may appoint an appropriate expert to give testimony with respect to custody or parental access (see 22 NYCRR 202.18). "In custody disputes, the value of forensic evaluations of the parents and children has long been recognized" (Matter of Frias v Arroyo, 225 AD3d 697, 699 [internal quotation marks omitted]; see Matter of Brown v Simon, 123 AD3d at 1122). "Although forensic evaluations are not always necessary, such evaluations may be appropriate where there exist sharp factual disputes that affect the final determination" (Chu v Chu, 224 AD3d 653, 655 [internal quotation marks omitted]; see Matter of Brown v Simon, 123 AD3d at 1122). The decision whether to direct a forensic evaluation in a child custody dispute is within the sound discretion of the court (see Matter of Keyes v Watson, 133 AD3d 757, 758; Matter of Salamone-Finchum v McDevitt, 28 AD3d 670, 671).
Here, the Supreme Court improvidently exercised its discretion when it failed to direct a neutral forensic evaluation of the parties and the children, in light of, inter alia, the parties' conflicting contentions and the eldest child's special needs (see 22 NYCRR 202.18; Matter of Brown v Simon, 123 AD3d at 1122; Matter of Shanika M. v Stephanie G., 108 AD3d 717, 718-719).
IANNACCI, J.P., MILLER, WAN and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court