■ In the Matter of MARIE L., a Child Alleged to be Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; NORA L., Appellant. [714 NYS2d 345] —In a neglect proceeding pursuant to Family Court Act article 10, the mother appeals from (1) a fact-finding order of the Family Court, Richmond County (McElrath, J.), dated October 9, 1997, made after a hearing, finding that the appellant had neglected her child, and (2) an order of disposition of the same court, dated May 13, 1998, which, upon the fact-finding order, placed the child in the care of the Administration for Children's Services for a period of one year.

Ordered that the appeal from the fact-finding order is dismissed, without costs or disbursements, as that order was superseded by the order of disposition; and it is further,

Ordered that the appeal from so much of the order of disposition as placed the child in the care of the Administration for Children's Services is dismissed, without costs or disbursements; and it is further,

Ordered that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.

The mother's appeal from so much of the order of disposition as placed the child in the care of the Administration for Children's Services must be dismissed as academic because the order expired by its own terms on May 12, 1999, and has been replaced by a subsequent order extending placement (*see, Matter of Commissioner of Social Servs. [Octavia S.]*, 255 AD2d 316). Nevertheless, the adjudication of neglect constitutes a permanent and significant stigma which might indirectly affect the mother's status in potential future proceedings. Therefore, the appeal from so much of the order of disposition as determined that the child was neglected is not academic (*see, Matter of Eddie E.*, 219 AD2d 719; *Matter of H. Children*, 156 AD2d 520).

The respondent proved by a preponderance of the evidence that the child was neglected by the mother (*see,* Family Ct Act § 1046 [b] [i]). The evidence established that because of the mother's mental illness and her resistance to efforts to help her care for the child, the child was neglected within the meaning of Family Court Act § 1012 (f) (*see, Matter of Danielle C.*, 253 AD2d 431; *Matter of Nassau County Dept. of Social Servs. [Raul B.] v Diane B.*, 231 AD2d 523; *Matter of Child Welfare Admin. [John R.] v Jennifer A.*, 218 AD2d 694).

There is no merit to the mother's contention that the Family Court erred in permitting the respondent's psychiatric expert witness to render an opinion based, in part, upon his review of her medical records (*see, Matter of Omar B.*, 175 AD2d 834; *see also, Matter of Jessica SS.*, 234 AD2d 865). Bracken, J. P., Santucci, Thompson and Sullivan, JJ., concur.