■ In the Matter of JASMINE GILLEO, Respondent, v WILLIE WILLIAMS, Appellant. [871 NYS2d 203]—

In a child custody proceeding pursuant to Family Court Act article 6, the father appeals from so much of an order of the Family Court, Westchester County (Davidson, J.), dated December 23, 2008, as, after a hearing, granted the mother's petition to modify a consent order of custody of the same court entered June 27, 2003, so as to award her sole custody of the subject child.

Ordered that the order dated December 23, 2008, is affirmed insofar as appealed from, without costs or disbursements.

"To modify an existing custody arrangement, there must be a showing of a change of circumstances such that modification is required to protect the best interests of the child" (*Matter of Zeis v Slater*, 57 AD3d 793, 793 [2008]). The best interests of the child are determined by a review of the totality of the circumstances (*see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]). Here, the hearing testimony established that since the issuance of the consent order of custody, the father has been convicted, inter alia, of attempted murder in the second degree of the subject child and an order of protection has been issued by Westchester County Court in favor of the mother and the child and against the father until 2039 (*see People v Williams*, 63 AD3d 762 [2009]; *Matter of Balram v Balram*, 53 AD3d 808 [2008]). Accordingly, the Family Court's determination that there had been a change in circumstances since the issuance of the consent order of custody and that it was in the child's best interests to modify that order so as to award the mother sole custody is supported by a sound and substantial basis in the record (*see Matter of Zeis v Slater*, 57 AD3d at 794).

The father's remaining contention is without merit. Skelos, J.P., Santucci, Angiolillo and Chambers, JJ., concur.