◼ In the Matter of JULIAN S. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; PATRICIA L., Appellant. GLEN M.,

Nonparty Respondent.(Proceeding No. 1.) In the Matter of LISA M. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; PATRICIA L., Appellant. GLEN M., Nonparty Respondent. (Proceeding No. 2.) In the Matter of GLEN M., Respondent, v PATRICIA L., Appellant. (Proceeding Nos. 3, 4.) In the Matter of PATRICIA L., Appellant, v HAVIER S., Respondent. (Proceeding No. 5.) In the Matter of PATRICIA L., Appellant, v ANDRE B., Respondent. (Proceeding No. 6.) [994 NYS2d 164]—

In four related neglect proceedings pursuant to Family Court Act article 10 and four related custody proceedings pursuant to Family Court Act article 6, the maternal grandmother appeals from (1) an order of the Family Court, Richmond County (Wolff, J.), dated November 9, 2011, which granted the maternal grandfather's motion to award him temporary custody of the subject children, (2) so much of an order of disposition of the same court dated April 2, 2012, as continued the children's placement with the New York City Administration for Children's Services and awarded residential custody to the maternal grandfather, and (3) so much of an order of the same court dated April 8, 2013, as, after a hearing, granted the maternal grandfather's petition for an award of permanent custody of the subject children, with only supervised visitation to the maternal grandmother, and denied the maternal grandmother's separate petition for an award of permanent custody of the subject children.

Ordered that the appeal from the order dated November 9, 2011, is dismissed as academic, without costs or disbursements; and it is further,

Ordered that the appeal from so much of the order of disposition dated April 2, 2012, as continued the children's placement with the New York City Administration for Children's Services and awarded residential custody to the maternal grandfather is dismissed as academic, without costs or disbursements; and it is further,

Ordered that the order dated April 8, 2013, is affirmed insofar as appealed from, without costs or disbursements.

The maternal grandmother's appeal from the order dated November 9, 2011, must be dismissed as academic. The issues raised by the maternal grandmother regarding the award of temporary custody to the maternal grandfather are academic inasmuch as the temporary custody award is no longer in effect, and any alleged defect in the award of temporary custody does

not render defective the order awarding sole permanent custody to the maternal grandfather, which was based upon a full and fair hearing (*see Matter of Chamas v Carino*, 119 AD3d 564 [2014]; *Haggerty v Haggerty*, 78 AD3d 998 [2010]; *Matter of Miller v Shaw*, 51 AD3d 927 [2008]; *Cucinello v Cucinello*, 234 AD2d 365, 366 [1996]).

Further, the maternal grandmother's appeal from so much of the order of disposition dated April 2, 2012, as continued the children's placement with the New York City Administration for Children's Services and awarded residential custody to the maternal grandfather must be dismissed as academic because the order of disposition has been superseded by a subsequent order awarding permanent custody to the maternal grandfather (*see Matter of Anthony O.*, 22 AD3d 670 [2005]; *Matter of Marie L.*, 276 AD2d 698 [2000]; *Matter of Commissioner of Social Servs. [Bloneva F.]*, 255 AD2d 317 [1998]).

The Family Court's determination that an award of permanent custody to the maternal grandfather was in the best interests of the children is supported by a sound and substantial basis in the record, and we discern no basis to disturb it (*see Matter of K.F.T. v D.P.G.*, 54 AD3d 1044 [2008]).

The maternal grandmother's remaining contentions are without merit. Skelos, J.P., Roman, Hinds-Radix and LaSalle, JJ., concur.