■ In the Matter of JOHN A. WAGNER, Respondent, v HEIDI ULVILA STEVENS, Appellant. [39 NYS3d 236]—

Appeal by the mother from an order of the Family Court, Orange County (Lori Currier Woods, J.), dated May 21, 2015. The order, after a hearing, granted the father's petition to modify a consent custody order of that court dated December 9, 2013, so as to award him sole custody of the parties' child.

Ordered that the order dated May 21, 2015, is affirmed, without costs or disbursements.

The parties have one child together. Pursuant to an order dated December 9, 2013, made on the consent of the parties, the mother was awarded sole custody of the parties' child and the father was awarded visitation. In March 2014, the father petitioned to modify the consent order so as to award him sole custody of the child. Thereafter, the Family Court awarded the father temporary physical custody of the child. Following a hearing, the court granted the father's petition and awarded him sole custody of the child, with visitation to the mother. The mother appeals.

To modify a consent order awarding sole custody to a parent, "there must be a showing of a change of circumstances such that modification is required to protect the best interests of the child" (*Matter of Gilleo v Williams*, 71 AD3d 1023, 1023 [2010] [internal quotation marks omitted]; *see Matter of Kadyorios v Kirton*, 130 AD3d 732, 733 [2015]). The best interests of the child are determined by a review of the totality of the circumstances (*see Eschbach v Eschbach*, 56 NY2d 167, 171-172 [1982]).

Here, the Family Court's determinations that there had been a change in circumstances since the consent custody order and that a transfer of sole custody to the father would be in the best interests of the child have a sound and substantial basis in the record and, thus, will not be disturbed (*see Matter of Tobar v Velez-Molina*, 95 AD3d 1224, 1225 [2012]; *Matter of Mingo v Belgrave*, 69 AD3d 859, 859-860 [2010]; *Matter of Battista v Fasano*, 41 AD3d 712, 713 [2007]). The evidence adduced at the hearing established that the father is the parent more likely to assure the child's meaningful contact with the noncustodial parent and is the parent better able to provide for the child's financial and educational needs.

The mother contends that the Family Court erred when it awarded temporary custody of the child to the father. Generally, " 'while temporary custody may be properly fixed without a hearing where sufficient facts are shown by uncontroverted affidavits, it is error as a matter of law to make an order respecting custody, even in a pendente lite context, based on controverted allegations without having had the benefit of a full hearing' " (*Matter of Swinson v Brewington*, 84 AD3d 1251, 1253 [2011], quoting *Carlin v Carlin*, 52 AD3d 559, 560 [2008]). Here, however, the mother's contention regarding the award of temporary custody of the child to the father without a hearing has been rendered academic by the court's determination of the father's petition to modify the consent order of custody, which was rendered after a full hearing (*see Matter of Julian S. [Patricia L.]*, 121 AD3d 796, 797 [2014]). Dillon, J.P., Roman, Hinds-Radix and Connolly, JJ., concur.