■ In the Matter of AMIRAH BLACKMAN, Respondent, v REGGIE BARGE, Appellant. (Proceeding No. 1.) In the Matter of REGGIE BARGE, Appellant, v AMIRAH BLACKMAN, Respondent. (Proceeding No. 2.) [43 NYS3d 442]—

Appeal from an order of the Family Court, Westchester County (Thomas R. Daly, J.), dated January 29, 2015. The order, insofar as appealed from, after a hearing, granted the mother's petition to modify a prior consent custody order of that court dated November 16, 2011, so as to award her sole legal and physical custody of the parties' child.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The parties have one child, born in 2008. In an order dated December 3, 2010, the Family Court awarded the father sole legal and physical custody of the child, with liberal visitation to the mother supervised by her parents. In an order dated November 16, 2011, on consent of the parties, the court granted the mother unsupervised visitation with the child, and increased her visitation so that the parties effectively had a shared physical custody arrangement, although the father retained sole legal custody. On August 28, 2012, the mother

filed a petition seeking to modify the order dated November 16, 2011, so as to award her sole legal and physical custody of the child. The court, after a hearing, inter alia, granted the mother's petition, and the father appeals.

In order to modify an existing consent order granting sole custody to a parent, there must be a showing of a change of circumstances since the time of the prior order and that modification is in the best interests of the child (*see* Family Ct Act § 652; *Matter of Gilleo v Williams*, 71 AD3d 1023, 1023 [2010]; *Matter of Mingo v Belgrave*, 69 AD3d 859 [2010]). The best interests of the child are determined by a review of the totality of the circumstances (*see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]; *Matter of Gilleo v Williams*, 71 AD3d 1023 [2010]). Since any custody determination necessarily depends to a great extent upon an assessment of the character and credibility of the parties and witnesses, the Family Court's determination should not be disturbed unless it lacks a sound and substantial basis in the record (*see Matter of Louise E.S. v W. Stephen S.*, 64 NY2d 946, 947 [1985]; *Matter of Boodhoo v Rampersaud*, 122 AD3d 624, 625 [2014]; *Matter of Jones v Leppert*, 75 AD3d 552, 553 [2010]; *Matter of Summer A.*, 49 AD3d 722, 726 [2008]).

Here, contrary to the father's contention, the Family Court's determination that there had been a change in circumstances and that a transfer of custody to the mother was in the best interests of the child had a sound and substantial basis in the record and, therefore, will not be disturbed (*see Eschbach v Eschbach*, 56 NY2d at 173; *Matter of Pena v Lopez*, 140 AD3d 967, 968-969 [2016]).

The father's remaining contentions, regarding the scheduling of hearing dates and the amount of time it took for the Family Court to issue the order on appeal, are improperly raised for the first time on appeal. Rivera, J.P., Chambers, Roman and Brathwaite Nelson, JJ., concur.