Matter of McKenzie v Williams (2018 NY Slip Op 06540)





Matter of McKenzie v Williams


2018 NY Slip Op 06540


Decided on October 3, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 3, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2017-10361
 (Docket Nos. V-01256-15/16B/16C/16E, V-01257-15/16B/16C/16E)

[*1]In the Matter of Neal N. McKenzie, respondent,
v
Kenika Williams, appellant, (Proceeding No. 1)
In the Matter of Kenika Williams,
appellant,
v
Neal N. McKenzie, respondent. (Proceeding No. 2)


Yasmin Daley Duncan, Brooklyn, NY, for appellant.
Gary E. Eisenberg, New City, NY, for respondent.
Paul I. Weinberger, Poughkeepsie, NY, attorney for the children.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Dutchess County (Denise M. Watson, J.), dated August 17, 2017. The order, insofar as appealed from, after a hearing, granted the father's petition to modify a prior order of custody and visitation of the same court dated December 1, 2015, so as to award him sole physical and legal custody of the parties' children to the extent of awarding him primary physical custody of the children, and denied that branch of the mother's petition which was to modify the prior order of custody and visitation so as to award her primary physical custody of the children.
ORDERED that the order dated August 17, 2017, is affirmed insofar as appealed from, without costs or disbursements.
The parties, who were never married, lived together for several years and have two children together. After they separated, the mother and the father each separately petitioned for custody of the children. The petitions were resolved in an order of custody and visitation (hereinafter the custody order), which, on consent, provided that the parties would share joint physical and legal custody of the children. Subsequently, the father filed a petition to modify the custody order so as to award him sole physical and legal custody, and the mother filed a petition for the same relief in her favor. The Family Court, among other things, granted the father's petition to the extent of awarding him primary physical custody of the children, and denied the mother's petition in its entirety. The mother appeals.
" A court may modify an order awarding custody and visitation upon a showing that there has been a subsequent change of circumstances and that modification is in the best interests of the child'" (Matter of Mack v Kass, 115 AD3d 748, 748-749, quoting Matter of Sinnott-Turner [*2]v Kolba, 60 AD3d 774, 775). The best interests of the child are determined by a review of the totality of the circumstances (see Eschbach v Eschbach, 56 NY2d 167, 171). Custody determinations depend to a great extent upon an assessment of the character and credibility of the parties and witnesses, and therefore, deference is accorded to the trial court's findings in this regard (see Matter of Gooler v Gooler, 107 AD3d 712, 712). Such findings will not be disturbed unless they lack a sound and substantial basis in the record (see id. at 712; Matter of Frankiv v Kalitka, 105 AD3d 1045).
Here, the Family Court's determination that there had been a change of circumstances and that the children's best interests would be served by awarding primary physical custody to the father has a sound and substantial basis in the record and will not be disturbed (see Matter of Blackman v Barge, 145 AD3d 775, 776; Matter of Wagner v Stevens, 143 AD3d 903, 904). The evidence adduced at the hearing established that the father was the parent who was more responsive to the needs of the children and who acted appropriately in situations when there was a concern for the children's safety and well-being.
DILLON, J.P., DUFFY, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court