Matter of Saylor v Bukowski (2019 NY Slip Op 01777)





Matter of Saylor v Bukowski


2019 NY Slip Op 01777


Decided on March 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2018-05995
 (Docket No. V-4172-17)

[*1]In the Matter of Adam Saylor, respondent,
v
Joyelle Bukowski, appellant.


Joyelle Bukowski, Coram, NY, appellant pro se.
Mary Beth Daniels, Sound Beach, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Suffolk County (Matthew G. Hughes, J.), dated March 23, 2018. The order, insofar as appealed from, granted the father's petition for sole custody of the parties' child.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The parties, who were never married, have one child, born in 2012. For approximately the first three years of the child's life, the mother was the child's primary caregiver and permitted the father very limited contact with the child. In 2015, the father filed a parental access petition in the Family Court. In July 2015, the parties entered into a temporary stipulation of settlement wherein the father would have parental access three days a week. However, the mother failed to comply with the parental access schedule. Moreover, the mother made several false allegations that the father had physically and sexually abused the child. By making the false allegations, the mother exposed the child to unnecessary, invasive medical examinations and interrogations. On March 16, 2017, the father filed a petition for sole custody of the child. After a hearing, the court granted the petition, and the mother appeals.
"The paramount concern in any custody . . . determination is the best interests of the child, under the totality of the circumstances" (Matter of James M. v Kevin M., 99 AD3d 911, 912-913; see Eschbach v Eschbach, 56 NY2d 167, 171). "The factors to be considered in making a custody determination include the parental guidance provided by the custodial parent, each parent's ability to provide for the child's emotional and intellectual development, each parent's ability to provide for the child financially, the relative fitness of each parent, and the effect an award of custody to one parent might have on the child's relationship with the other parent" (Matter of Maraj v Gordon, 102 AD3d 698, 698 [internal quotation marks omitted]; see Matter of Estrada v Palacios, 148 AD3d 804). "Where, as here, a complete evidentiary hearing has been held on the issue of custody, any determination depends to a great extent upon the hearing court's assessment of the credibility of the witnesses and of the character, temperament, and sincerity of the parties. The credibility findings of the Family Court will be accorded great weight and its determinations regarding custody and [parental access] will not be disturbed unless they lack a sound and substantial basis in the record" (Matter of Felty v Felty, 108 AD3d 705, 707 [citations omitted]; see Matter of Gooler v Gooler, 107 AD3d 712, 713).
Here, the Family Court's determination awarding sole custody of the child to the father has a sound and substantial basis in the record. The mother consistently and continuously interfered with the father's parental access by not abiding by the parental access schedule. Furthermore, she interfered with the father's parental access by making false allegations that the father was physically and sexually abusing the child and by continuing to make new claims of abuse even though all other claims had been determined to be unfounded (see David K. v Iris K., 276 AD2d 421, 422; Young v Young, 212 AD2d 114).
To the extent that the mother raises issues regarding the temporary custody order, those issues are academic. The order awarding the father temporary custody of the child was superseded by the order awarding him permanent custody, and the temporary order is no longer of any effect. Any alleged defect in the temporary order does not render defective the permanent order, which was based upon a full and fair hearing (see Matter of Julian S. [Patricia L.], 121 AD3d 796, 797; Matter of Miller v Shaw, 51 AD3d 927, 927-928).
The mother's remaining contentions are without merit.
BALKIN, J.P., AUSTIN, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court