S.A. v R.H. (2020 NY Slip Op 01969)





S.A. v R.H.


2020 NY Slip Op 01969


Decided on March 19, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 19, 2020

Renwick, J.P., Gische, Mazzarelli, Webber, Singh, JJ.


306655/11 10295A 10295

[*1]S.A., Plaintiff-Respondent,
v
R.H., Defendant-Appellant.


Larry S. Bachner, New York, for appellant.
Dobrish Michaels Gross LLP, New York (Robert Z. Dobrish of counsel), for respondent.
Philip Katz, New York, attorney for the child.



Order, Supreme Court, New York County (Matthew F. Cooper, J.), entered June 22, 2018, which granted plaintiff father legal and residential custody of the child, final decision-making power for the child subject to meaningful consultation with defendant mother, and awarded supervised visitation to defendant, unanimously affirmed, without costs. Order, same court and Justice, entered July 9, 2018, which appointed a social worker to supervise visitation, and ordered defendant to refrain during visits from speaking to the child about court proceedings, making negative comments about plaintiff, his family, friends, the court, or attorneys, recording visits with the child, or disseminating information about visits on the Internet or otherwise, unanimously affirmed, without costs.
The court's determinations have sound and substantial bases in the record and are consistent with the best interests of the child (see Eschbach v Eschbach, 56 NY2d 167 [1982]; Matter of James Joseph M. v Rosana R., 32 AD3d 725 [1st Dept 2006], lv denied 7 NY3d 717 [2006]).
Defendant's argument that the court erred in awarding plaintiff temporary custody and allowing him to relocate without an evidentiary hearing is unpreserved, and in any event was rendered moot by the final custody determination, which was made after a full hearing (see Matter of Wagner v Stevens, 143 AD3d 903, 904 [2d Dept 2016]; Matter of Julian S. [Patricia L.], 121 AD3d 796 [2d Dept 2014]).
Defendant's argument that she was deprived of a fair trial is also unpreserved and in any event without merit. Contrary to her contention, it was plaintiff's counsel, not the court, who first raised the issue of sexual abuse allegations against the psychologist. Defendant refers to plaintiff's counsel's ex parte allegations; however, she and her counsel were present when plaintiff's counsel spoke. Defendant's claims of inappropriate, ex parte contact between plaintiff's counsel and the court-appointed psychiatrist are unsupported, and she failed to rebut counsel's claim that communications were for scheduling purposes only.
Defendant's complaints about the appointment of the psychiatrist are belied by the record; the order appointing him provides that his appointment is on the parties' consent. Defendant contends that the psychiatrist was appointed on plaintiff's counsel's "sole, handpicked recommendation." However, her counsel was offered, but failed to take, the opportunity to suggest other psychiatrists. Moreover, the court reacted positively to the suggestion of this psychiatrist, a suggestion supported by the attorney for the child, because of its familiarity with his expertise, not because of undue influence by plaintiff or his family.
Defendant suggests that there is some impropriety arising from plaintiff's payment of the psychiatrist's fees. However, the order appointing the psychiatrist states that plaintiff will pay him, and the record reveals neither an objection by defendant, nor an offer to pay the fees herself.
Contrary to defendant's argument, the court's finding that she was responsible for an Internet website on which, among other things, the child's paternal grandfather, the psychologist, the attorney for the child, the psychiatrist, and the social worker are accused of wrongdoing is not based on the court's bias against her, but is the product of its careful deliberations as to her credibility, motives, revenge-oriented temperament, and ability to manipulate others.
Defendant waived her arguments about the psychiatrist's qualifications. The time to raise her objections was at the time of his appointment and before he commenced work on his extensive report — a report in which defendant participated by being interviewed. Defendant also failed to object to the use of the report at trial, and her counsel cross-examined the psychiatrist on it (see CPLR 4017; Koplick v Lieberman, 270 AD2d 460 [2d Dept 2000]).
Defendant's contention that the child's best interests were ignored at trial is belied by the court's repeated emphasis on that very issue throughout the proceedings and in its order entered June 22, 2018. Among other things that she claims prove she should have been awarded custody of the child, defendant points out that the visitation supervisor had no health or safety concerns about her care of the child. However, it is because her visitation was supervised that those concerns did not arise.
Contrary to defendant's contention, the court's references to settlement attempts were not improper (see CPLR 4547). The court found that defendant's attitude toward settlement implicated her parental fitness and was therefore directly relevant to its analysis of the child's best interests. Defendant's First Amendment complaint that she was unfairly punished for the aforementioned website fails to acknowledge the broad harm done by the website, including harm to the child.
We have considered defendant's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 17, 2020
CLERK