Matter of Aiden W. R. (Julia M.--Margie D. R.) (2023 NY Slip Op 03236)

Matter of Aiden W. R. (Julia M.--Margie D. R.)

2023 NY Slip Op 03236

Decided on June 14, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 14, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ANGELA G. IANNACCI
LINDA CHRISTOPHER
BARRY E. WARHIT, JJ.

2022-02593
 (Docket No. N-6846-20)

[*1]In the Matter of Aiden W. R. (Anonymous). Administration for Children's Services, petitioner-respondent; Julia M. (Anonymous), respondent-respondent, Margie D. R. (Anonymous), appellant.

Christian P. Myrill, Jamaica, NY, for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (MacKenzie Fillow and Antonella Karlin of counsel), for petitioner-respondent.
Daniel E. Lubetsky, Jamaica, NY, for respondent-respondent.
Karen P. Simmons, Brooklyn, NY (Rachel J. Stanton and Janet Neustaetter of counsel), attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the maternal grandmother appeals from an order of the Family Court, Queens County (Elenor Reid Cherry, J.), dated March 4, 2022. The order, insofar as appealed from, granted the mother's motion pursuant to Family Court Act § 1028 for the release of the subject child to her custody during the pendency of the proceeding. Assigned counsel has submitted a brief in accordance with Anders v California (386 US 738), in which she moves for leave to withdraw as counsel for the appellant.
ORDERED that the appeal is dismissed as academic, without costs or disbursements; and it is further,
ORDERED that counsel's application for leave to withdraw as counsel for the appellant is denied as academic.
The appellant is the maternal grandmother of the subject child. In August 2020, the Administration for Children's Services (hereinafter ACS) filed a petition alleging that the mother and the maternal grandmother neglected the child. The child was initially released to the maternal grandmother under the supervision of ACS. The mother moved pursuant to Family Court Act § 1028 for the release of the child to her custody during the pendency of the proceeding. The Family Court, finding no evidence of imminent risk had been presented to justify the continued removal of the child from the mother as required by Family Court Act § 1028, released the child to the mother's custody. Subsequently, the petition insofar as asserted against the mother was dismissed with prejudice, and was withdrawn as against the maternal grandmother.
The appeal from so much of the order dated March 4, 2022, as released the child to the mother's custody during the pendency of the proceeding has been rendered academic by the dismissal of the proceeding insofar as asserted against the mother (see Matter of Julian S. [Patricia L.], 121 AD3d 796, 797-798).
We therefore deny, as academic, the application of the maternal grandmother's counsel for leave to withdraw as counsel for the maternal grandmother (see Matter of Piper S., 159 AD3d 913, 913-914).
BARROS, J.P., IANNACCI, CHRISTOPHER and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court